1  Bethany Stevens (SBN 245672)
bstevens@wscllp.com
2  Amanda Walker (SBN 252380)
awalker@wscllp.com
3  WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
4  Los Angeles, California 90013
Telephone: (213) 712-9145
5  Fax: (213) 403-4906

6  Michael Ng (SBN 237915)
michael.ng@kobrekim.com
7  Daniel Zaheer (SBN 237118)
daniel.zaheer@kobrekim.com
8  KOBRE & KIM LLP
150 California Street, 19th Floor
9  San Francisco, California 94111
Telephone: (415) 582-4800

10
Christopher Cogburn*
11  *pro hac vice to be filed
christopher.cogburn@kobrekim.com
12  KOBRE & KIM LLP
800 Third Avenue
13  New York, New York 10022
Telephone: (212) 488 1200

14
Attorneys for Petitioner
15  Shanghai Lan Cai Asset
Management Co, Ltd.

16

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19                    WESTERN DIVISION

20

| | |
|---|---|
| 21  **SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.**, | Civil Case No.  2:18-cv-10255 |
| 22 | |
| 23                 Petitioner, | **FIRST DECLARATION OF JIAN KANG IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD** |
| 24  v. | |
| 25 | |
| 26  **JIA YUETING**, | |
| 27                 Respondent. | |
| 28 | |

FIRST KANG DECLARATION IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

I, Jian Kang, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.    I am over the age of 18 and am competent to give this Declaration.

2.    All statements set forth in this Declaration are based on my personal knowledge or my review of original versions or certified copies of the relevant documents. I make this declaration in support of the Petition to Confirm Arbitration Award filed by Shanghai Lan Cai Asset Management Co, Ltd. ("SLC").

3.    I am a Hong Kong-licensed solicitor at the law firm Kobre & Kim.  I have been employed by Kobre & Kim since 2014, and I have been qualified to practice law in Hong Kong since 2013.  Kobre & Kim acts as counsel to SLC for purposes of enforcing the arbitration award (the "Final Award") that is the subject of SLC's Petition.  A duly certified true and correct copy of the Final Award, together with a certified English translation, is attached as **Exhibit 1** to this Declaration.

4.    The Final Award arose out of an arbitration proceeding (the "Arbitration") between SLC (a corporation organized under the laws of the People's Republic of China, with its principal place of business in Shanghai) Respondent Jia Yueting (a Chinese citizen who lives in California), and two corporations organized under the laws of the People's Republic of China, LeTV Sports Culture Develop (Beijing) Co., Limited ("LeTV") and TV Plus Holdings (Beijing) Limited ("TV Plus" and, together with Jia and LeTV, the "Arbitration Respondents").  The Arbitration was held before the Beijing Arbitration Commission and proceeded according to the Commission's arbitration rules.  (Ex. 1 at 1.)

5.    The Arbitration resolved a dispute between SLC and the Arbitration Respondents over the Arbitration Respondents' failure to perform their obligations under two agreements.  The first agreement (the "Loan Contract") set forth the

1

terms under which SLC would lend money in the amount of ¥50 million for a term of 12 months.  (Ex. 2 art. 1–2(II).)  A duly certified true and correct copy of the Loan Contract, together with a certified English translation, is attached as **Exhibit 2** to this Declaration.  The second agreement (the "Guarantee") provided that TV Plus and Jia would be jointly and severally liable should LeTV default on its obligations under the Loan Contract.  (Ex. 3 at 1.)  A duly certified true and correct copy of the Guarantee, together with a certified English translation, is attached as **Exhibit 3** to this Declaration.  Both agreements were executed on December 1, 2016, and SLC disbursed the loan funds to LeTV's nominated recipient on December 2, 2016.  (Ex. 1 at 16.)

6.     Among other things, the Loan Contract provided that "[a]ny dispute arising from the performance of the Contract may be resolved through consultation, failing which either Party may bring such dispute for arbitration by the Beijing Arbitration Commission."  (Ex. 2 art. 13(II).)  Similarly, the Guarantee provided that "[a]ny dispute arising from or in connection with this Agreement shall be settled through negotiation by the parties hereto, failing which, shall be submitted to Beijing Arbitration Commission for arbitration in accordance with the prevailing rules of arbitration of such commission."  (Ex. 3 art. 11.3.)  The Guarantee further provided that "[t]he arbitration award shall be final, binding upon each party."  (*Id.*)

7.     When LeTV failed to make an interest payment due on June 15, 2017, SLC referred the dispute to the Beijing Arbitration Commission, consistent with the terms of the Loan Contract and the Guarantee.  The Beijing Arbitration Commission accepted SLC's request for arbitration on June 28, 2017.  (Ex. 1 at 1.)

8.     Under the rules of the Beijing Arbitration Commission, the Commission's director appointed a Tribunal of three arbitrators to preside over the Arbitration.  Mr. Wu Shengchun, a senior economist specializing in guaranty law, loan contracts, and international finance, acted as chief arbitrator.  Ms. Kang Le, an

arbitrator specializing in investment and financing disputes, and Mr. Han Xu, an arbitrator specializing in finance, loan contracts, and the law of corporations, completed the Tribunal.  (Ex. 1 at 1.)

9.     On January 22, 2018, following the submission of evidence by all parties and the presentation of legal arguments at a hearing held on December 1, 2017, the Tribunal issued the Final Award.  The Final Award found the Arbitration Respondents jointly and severally liable for:

- ¥50 million, representing the principal disbursed to LeTV under the Loan Contract;
- principal interest at an annual rate of 7.5 percent to be calculated from March 16, 2017;
- post-default interest at an annual rate of 16.5 percent to be calculated from December 3, 2017;
- ¥507,028, representing SLC's arbitration costs; and
- ¥319,740, representing arbitration expenses disbursed by SLC to the Beijing Arbitration Commission.

(Ex. 1 at 20–21.)  The Tribunal ordered the Arbitration Respondents to pay these amounts "in full within 10 days from the date of service of this Award."  Otherwise, the Arbitration Respondents shall pay 200% of the payable interest (i.e. 48 percent per annum) according to the Civil Procedure Law of the PRC.  (*Id.* at 21.)

10.    As of the date of this Declaration, none of the Arbitration Respondents have paid SLC any of the damages awarded by the Tribunal.  The total interest owed on those amounts is ¥ 25,113,698.63 ($3,650,246.89), and interest continues to accrue at a rate of ¥ 65,753.42 ($9,557.18) per day.

11.    To my knowledge, none of the Arbitration Respondents have applied to the courts of the People's Republic of China to set aside the Final Award.  Chinese law requires that any such application be brought within six months of the

3

FIRST KANG DECLARATION IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

delivery of the award to the adverse parties.  Zhongcai Fa (仲裁法) [Arbitration Law] art. 59.  The Arbitration Respondents' time for filing an application to set aside the Final Award therefore expired in July 2018.

     12.    I declare under penalty of perjury that the foregoing is true and correct.

     Executed on this 10th day of December, 2018 at 6/F, ICBC Tower, 3 Garden Road, Central, Hong Kong.

                        Jian Kang

FIRST KANG DECLARATION IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD