1  Bethany Stevens (SBN 245672)
   bstevens@wscllp.com
2  Amanda Walker (SBN 252380)
   awalker@wscllp.com
3  WALKER STEVENS CANNOM LLP
   500 Molino Street, Suite 118
4  Los Angeles, California 90013
   Telephone: (213) 712-9145
5  Fax: (213) 403-4906

6  Michael Ng (SBN 237915)
   michael.ng@kobrekim.com
7  Daniel Zaheer (SBN 237118)
   daniel.zaheer@kobrekim.com
8  KOBRE & KIM LLP
   150 California Street, 19th Floor
9  San Francisco, California 94111
   Telephone: (415) 582-4800

10

11 Christopher Cogburn*
   *pro hac vice to be filed
   christopher.cogburn@kobrekim.com
12 KOBRE & KIM LLP
   800 Third Avenue
13 New York, New York 10022
   Telephone: (212) 488 1200

14
   *Attorneys for Petitioner*
15 *Shanghai Lan Cai Asset*
   *Management Co, Ltd.*
16

17                UNITED STATES DISTRICT COURT

18                CENTRAL DISTRICT OF CALIFORNIA

19                      WESTERN DIVISION

20

21 **SHANGHAI LAN CAI ASSET**         Civil Case No. 2:18-cv-10255
22 **MANAGEMENT CO, LTD.**,
                                      **[PROPOSED] ORDER GRANTING**
23              Petitioner,           **PETITIONER'S *EX PARTE***
                                      **APPLICATION FOR TEMPORARY**
24    v.                              **PROTECTIVE ORDER**

25
26 **JIA YUETING**,

27              Respondent.

28

---
[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY PROTECTIVE ORDER

Petitioner Shanghai Lan Cai Asset Management Co, Ltd. ("SLC") has applied, on an *ex parte* basis, for a right-to-attach order and writ of attachment or, in the alternative, a temporary protective order. The Court has considered the evidence presented on behalf of SLC in support of the application and has concluded that a temporary protective order should be granted to preserve the status quo until SLC's application can be heard on notice to Respondent Jia Yueting.

Having considered the papers, and any argument as the Court deems necessary, the Court hereby finds as follows:

1. Defendant Jia Yueting is a natural person.
2. Attachment is sought to secure recovery on a claim upon which attachment may issue under California Code of Civil Procedure § 483.010.
3. Attachment is sought for no purpose other than the recovery on the claim upon which the attachment is based.
4. The amount to be secured by the attachment is greater than zero.
5. SLC has established the probable validity of the claim on which the writ of attachment would issue.
6. The property sought to be attached is not exempt from attachment.
7. Great and irreparable injury to SLC will result if this order is not issued, based on (i) danger that the property sough to be attached will be concealed, made unavailable to levy, or substantially impaired in value, and (ii) Jia's longstanding failure to pay his debt to SLC and his apparent failure to satisfy other substantial debts.
8. SLC has indicated that it is prepared to file an undertaking in the amount of $10,000 upon grant of this application.

Based on the above findings, IT IS HEREBY ORDERED that Respondent Jia Yueting shall not take any step to transfer, conceal, reduce, encumber, or otherwise make unavailable any of the property that is the subject of the *ex parte* application for a right-to-attach order and writ of attachment by Petitioner Shanghai Lan Cai Asset Management Co, Ltd.

IT IS FURTHER ORDERED that the *ex parte* application for a right-to-attach order and writ of attachment by Petitioner Shanghai Lan Cai Asset Management Co, Ltd. shall be heard on notice as follows:

1. Petitioner Shanghai Lan Cai Asset Management Co, Ltd. shall serve this order, and all papers in support of its application, on Respondent Jia Yueting on or before _____.
2. Respondent Jia Yueting shall file and serve his opposition, if any, to the application on or before _____.
3. Petitioner Shanghai Lan Cai Asset Management Co, Ltd. shall serve its reply, if any, in support of the application on or before _____.
4. A hearing shall be held on the application on _____ at _____ A.M.
5. All papers referred to in items (1)–(3) above shall be served by _____ _____.

IT IS SO ORDERED.

DATED: _____

_____
United States District Judge

2
[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY PROTECTIVE ORDER