LATHAM & WATKINS LLP
  Daniel Scott Schecter (Bar No. 171472)
    daniel.schecter@lw.com
  R. Peter Durning, Jr. (Bar No. 277968)
    peter.durning@lw.com
10250 Constellation Boulevard, Suite 1100
Los Angeles, California 90067
Telephone:  (424) 653-5500
Facsimile:  (424) 653-5501

*Attorneys for Respondent*
Jia Yueting

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.,<br><br>Petitioner,<br><br>v.<br><br>JIA YUETING,<br><br>Respondent. | CASE NO. 2:18-CV-10255-SJO (MRWx)<br><br>The Honorable S. James Otero<br><br>**RESPONDENT JIA YUETING'S OPPOSITION TO SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S PETITION TO CONFIRM ARBITRATION AWARD**<br><br>*[Declaration of Shixin Liu filed concurrently herewith]*<br><br>Action Filed: December 10, 2018 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ........................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ...................................... 3

    A.   The Contracts: The Loan, Guarantee, CRTA, And ETA .......................... 3

    B.   The Award And The Pending Challenges To It In China ........................ 5

    C.   The Procedural Posture Of This Case ....................................................... 6

III. THIS CASE CANNOT PROCEED UNTIL TAOYUN IS JOINED ............... 6

    A.   Taoyun Is A "Person Required To Be Joined" Under Rule 19(a) ............ 7

    B.   The Case Should Be Dismissed If Joinder Of Taoyun Is Infeasible ...... 10

IV.  THIS CASE SHOULD BE STAYED PENDING RESOLUTION OF
     THE PROCEEDINGS IN CHINA ................................................................. 13

V.   CONCLUSION ............................................................................................. 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Albers v. PMP Access Fund Manager, LLC*,
   No. 5:10-FV-1054 JF, 2010 WL 2486369 (N.D. Cal. June 16,
   2010) ........................................................................................................... 8, 9, 11

*American Greyhound Racing, Inc. v. Hull*,
   305 F.3d 1015 (9th Cir. 2002) .................................................................................. 8

*Camacho v. Major League Baseball*,
   297 F.R.D. 457 (S.D. Cal. 2013) .............................................................................. 3

*Cities Service Co. v. McGrath*,
   342 U.S. 330 (1952) ................................................................................................. 9

*County of Santa Clara v. Astra USA, Inc.*,
   401 F. Supp. 2d 1022 (N.D. Cal. 2005) ................................................................... 7

*CP Nat'l Corp. v. Bonneville Power Admin.*,
   928 F.2d 905 (9th Cir. 1991) ................................................................... 6, 8, 11, 12

*Delano Farms Co. v. Cal. Table Grape Comm'n*,
   623 F. Supp. 2d 1144 (E.D. Cal. 2009) .................................................................... 8

*EEOC v. Peabody W. Coal Co.*,
   400 F.3d 774 (9th Cir. 2005) .................................................................................. 10

*Great Fund 5 v. Apache Golf, Inc.*,
   No. SACV171063, 2017 WL 7803799 (C.D. Cal. Aug. 23, 2017) ................. 14, 15

*Greenwich Ins. Co. v. Rodgers*,
   729 F. Supp. 2d 1158 (C.D. Cal. 2010) .................................................................... 9

*Harrell v. United States*,
   13 F.3d 232 (7th Cir. 1993) ...................................................................................... 7

*Hulley Enters. Ltd. v. Russian Fed'n*,
   211 F. Supp. 3d 269 (D.D.C. 2016) ....................................................................... 13

*Illinois Brick Co. v. Illinois*,
   431 U.S. 720 (1977) ............................................................................................... 12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD


*In re Maxwell*,
   93 F.3d 1036 (2d Cir. 1996) ................................................................................ 14

*Mujica v. AirScan, Inc.*,
   771 F.3d 580 (9th Cir. 2014) ............................................................................... 13

*Northrop Corp. v. McDonnell Douglas Corp.*,
   705 F.2d 1030 (9th Cir. 1983) ............................................................................... 7

*Philippines v. Pimentel*,
   553 U.S. 851 (2008) ............................................................................... 7, 10, 12

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ............................................................................. 10

*Provident Tradesmens Bank & Trust Co. v. Patterson*,
   390 U.S. 102 (1968) ............................................................................................ 12

*PTA-FLA, Inc. v. ZTE USA, Inc.*,
   844 F.3d 1299 (11th Cir. 2016) ............................................................................. 9

*Pulitzer-Polster v. Pulitzer*,
   784 F.2d 1305 (5th Cir. 1986) .......................................................................... 9, 11

*Rapoport v. Banco Mexicano Somex, S. A.*,
   668 F.2d 667 (2d Cir. 1982) .............................................................................. 9, 11

*Sarei v. Rio Tino, PLC*,
   550 F.3d 822 (9th Cir. 2008) (en banc) ............................................................... 13

*Seo Kyoung Won v. England*,
   Civ Nos. 07-00606, 08-00158, 2009 U.S. Dist. LEXIS 50428 (D.
   Haw. June 12, 2009) ............................................................................................ 11

*Shimkus v. Gersten Cos.*,
   816 F.2d 1318 (9th Cir. 1987) ........................................................................ 7, 10

*Tinoco v. SDG&E Co.*,
   327 F.R.D. 651 (S.D. Cal. 2018) ............................................................... 7, 10, 11

*WPP Luxemburg Gamma Three Sarl v. Spot Runner Inc.*,
   No. CV 09-2487 PA, 2009 WL 10675234 (C.D. Cal. Sept. 14,
   2009) ....................................................................................................................... 7

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

iii

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

**STATUTES**

9 U.S.C. § 203 ................................................................................................................ 10

9 U.S.C. § 207 ................................................................................................................ 13

28 U.S.C. § 1391(b)(1) ................................................................................................... 10

Code of Contract Law (P.R.C) Art. 99 ............................................................................. 5

**RULES**

Fed. R. Civ. P. 19 ...................................................................................................... *passim*

Fed. R. Civ. P. 19(a) .................................................................................................... 7, 10

Fed. R. Civ. P. 19(a)(1) ...................................................................................................... 9

Fed. R. Civ P. 19(a)(1)(A) ............................................................................................. 7, 8

Fed. R. Civ. P. 19(a)(1)(B)(i) ............................................................................................. 8

Fed. R. Civ. P. 19(a)(1)(B)(ii) ............................................................................................ 9

Fed. R. Civ. P. 19(a)(2) ............................................................................................ 1, 7, 10

Fed. R. Civ. P. 19(b) ............................................................................................... 7, 10, 13

Fed. R. Civ. P. 19(b)(1) .................................................................................................... 11

Fed. R. Civ. P. 19(b)(1)-(4) .............................................................................................. 11

Fed. R. Civ. P. 19(b)(2) .............................................................................................. 11, 12

Fed. R. Civ. P. 19(b)(3) .................................................................................................... 12

Fed. R. Civ. P. 19(b)(4) .................................................................................................... 12

Fed. R. Civ. P. 19(c) ........................................................................................................... 7

**OTHER AUTHORITIES**

21 U.S.T. 2517, Art. V(1)(e) .................................................................................. 1, 13, 14

21 U.S.T. 2517, Art. V(2)(b) .............................................................................................. 9

21 U.S.T. 2517, Art. VI .................................................................................................... 13

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

## I. INTRODUCTION

Petitioner Shanghai Lan Cai Asset Management Co, Ltd. ("**SLC**") seeks to enforce rights that it contracted away, to the prejudice of indispensable nonparties that SLC failed to join in this action. Specifically, SLC's "**Petition**" (ECF No. 1) seeks to enforce the decision of a Chinese arbitral tribunal regarding SLC's rights under the "**Loan**" and **"Guarantee**" contracts. But SLC, voluntarily and in writing, *gave those rights away*, to nonparty Taoyun Capital Group Co., Ltd. ("**Taoyun**"), through a contract known as the Creditor's Rights Transfer Agreement ("**CRTA**"). Taoyun, in turn, has already received full compensation for any debts owed to it by Respondent Jia Yueting ("**Mr. Jia**") and his companies, through another contract known as the Equity Transfer Agreement ("**ETA**").

In other words, SLC seeks here to exercise creditor's rights *owned by Taoyun*, and for which *Taoyun has already been paid in full*. To allow SLC to do so—without first requiring Taoyun to be joined and heard in this action—would cause severe prejudice not only to Mr. Jia, but also to Taoyun and the numerous other companies that are bound by the Loan, Guarantee, CRTA, and/or ETA. Simply put, in Taoyun's absence, this Court cannot accord complete relief among existing parties, nor can it proceed without prejudicing Mr. Jia, Taoyun, and other un-joined third parties. To proceed here without the joinder of Taoyun will lead to a patchwork of piecemeal, cross-border litigations—between SLC, Taoyun, Mr. Jia, and others—that would be anathema to orderly procedure and finality. In these circumstances, where a required "person" has not been joined, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

That is not the only reason the Petition must be denied. Under Article V(1)(e) of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "**New York Convention**"), the arbitral award cannot be confirmed because it remains under challenge before "a competent authority" in China (*i.e.*, the place where the award "was made"). *See* 21 U.S.T. 2517, Art. V(1)(e). As set forth in the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

accompanying declaration of Mr. Jia's Chinese counsel (the "**Liu Decl.**"), two cases are pending in China that will substantially impact the outcome of this U.S. enforcement action. The first seeks a ruling by the Chinese courts establishing the non-enforceability of the underlying arbitral award against Mr. Jia, on Chinese-law grounds. The second is analogous to a declaratory relief action, and seeks to resolve the rights of SLC, Taoyun, and Mr. Jia (all of whom are parties to that case) under the Loan, Guarantee, CRTA, and ETA.

At a minimum, this case should not proceed while those cases are pending. This is a dispute entirely between Chinese parties, arising out of contracts executed in China and governed by the substantive law of China. The underlying arbitration was conducted in China, by Chinese arbitrators operating under the auspices of the Beijing Arbitration Commission. That arbitration is now subject to challenge in the Chinese courts, where the respective rights of all necessary parties—SLC, Taoyun, and Mr. Jia—are now all being resolved. For this Court to act on SLC's Petition before the outcome of those cases is known would undermine and short-circuit the judicial process of the nation that has the greatest interest, and the greatest expertise, in deciding the key legal issues posed by the contracts and companies at issue. Comity, and the New York Convention, offer a better path: a stay of proceedings while the Chinese cases are pending. The arguments for a stay are at their apex here: the Chinese cases are expected to terminate this year, and meanwhile, SLC's interests are fully protected by the TRO this Court previously entered restricting the dissipation of assets.

Accordingly, Respondent respectfully requests that this Court deny SLC's Petition, order SLC to join Taoyun in this case (or dismiss this case if Taoyun cannot be joined), and stay any further proceedings in this case pending resolution of the Chinese cases and the proper joinder and service of Taoyun.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

## II. FACTUAL AND PROCEDURAL BACKGROUND

This proceeding concerns the rights of multiple parties and nonparties (including SLC, Mr. Jia, and Taoyun) under four contracts (the Loan, the Guarantee, the CRTA, and the ETA).

### A. The Contracts: The Loan, Guarantee, CRTA, And ETA

The Loan and Guarantee were executed on December 1, 2016. The Loan was executed between SLC and LeTV Sports Culture Develop (Beijing) Co., Ltd. ("**LeTV Sports**"). In material part, the Loan provided that SLC would loan LeTV Sports RMB 50 million, subject to repayment within 12 months and a 7.5% annual interest rate. *See* ECF No. 1-2 Exh. 2 (the Loan), at pp. 2-5. The Guarantee was executed between SLC, Mr. Jia, and LeTV Holdings (Beijing) Co., Ltd. ("**LeTV Holdings**"), which is a company controlled by Mr. Jia. *See* Liu Decl. ¶ 1. In material part, the Guarantee provided that LeTV Holdings and Mr. Jia would jointly guarantee LeTV Sports's performance under the Loan. ECF No. 1-2 Exh. 3 (the Guarantee) at pp. 1-3.

On July 14, 2017—shortly after SLC initiated arbitration under the Loan and Guarantee—SLC and Taoyun executed the CRTA. In material part, the CRTA assigned SLC's creditor's rights under the Loan to Taoyun in exchange for Taoyun's payment to SLC of RMB 50 million. In particular, Article 2(4) of the CRTA states:

> After Party B [Taoyun] has paid the aforesaid amount, Party A [SLC] will no longer enjoy the Creditor's Rights and all the rights and interests ancillary thereto, including but not limited to the right to collect interest based on the Creditor's Rights.

*See* Liu Decl. Exh. 5 (CRTA) at pp. 51-52. Pursuant to this provision, the "Creditor's Rights" to the Loan and Guarantee were duly transferred from SLC to Taoyun. *See, e.g., id.* Exh. 3 (Civil Petition) at p. 11; Exh. 6 (Application for Non-Enforcement) at pp. 60-61. Although SLC's Petition fails to mention the CRTA, it is properly before the Court here. *E.g., Camacho v. Major League Baseball*, 297

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

3

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

F.R.D. 457, 461 (S.D. Cal. 2013) ("To determine whether Rule 19 requires…joinder…, the court may consider evidence outside the pleadings.").

At roughly the same time as SLC's transfer of rights to Taoyun under the CRTA, LeTV Holdings and Taoyun (together with other parties) executed the ETA. In material part, the ETA effectuated the transfer of very substantial equity holdings to an affiliate of Taoyun, including a 66.67% equity interest in Beijing Dongfang Cheyun Information Technology Co., Ltd., and a 66.7% equity interest in Easy Go Inc.[1] In return for the transfer of stock, Taoyun agreed to offset the debt owed to it by LeTV Holdings and its affiliates (and any debts owed by Mr. Jia, as the majority and controlling shareholder of LeTV Holdings). *See* Liu Decl. ¶ 1; *see generally id.* Exh. 3 (Civil Petition) at pp. 11-13. In particular, Article 2.02(b) of the ETA states:

> The second part of the Transaction Consideration is in the form of credit deduction, Taoyun Capital and its related parties and [Mr. Jia] and the LeEco Related Entities agree to deduct the consideration for the Transaction in the amount of RMB 692 million using the claims contained in the package loans totaled RMB 692 million yuan. After this Agreement is signed and becomes effective, the above claims are deemed to have been deducted.

*See* Liu Decl., Exh. 4 (ETA) at p. 25.

As a result of the execution of the ETA and CRTA, SLC no longer has rights under the Loan or Guarantee—those rights are now held by Taoyun. *See generally* Liu Decl. Exh. 3 (Civil Petition) at p. 11; Exh. 6 (Application for Non-Enforcement) at pp. 60-61. Therefore, Taoyun, (and *not* SLC), is the *only* party that possesses the legal right to enforce creditor's rights under the underlying loan agreements, which are the very rights on which SLC's Petition is based. *Id.*

Moreover, Taoyun no longer has rights against Mr. Jia (or his companies, including LeTV Holdings), because it received a credit of RMB 692 million under

---

[1] The affiliate of Taoyun that received the transfer is Shanghai Zheyun Business Consulting Partnership (Limited Partnership). Liu Decl. Exh. 4 (ETA) at p. 20.

the ETA, an amount that vastly exceeds the amount due under the Loan and Guarantee—by *six-fold*. Under Chinese law (which governs the ETA), LeTV Holdings has the right to choose how that credit is applied—which includes the power to apply the amounts transferred under the ETA to satisfy any obligations that LeTV Holdings (as co-guarantor with Mr. Jia of LeTV Sports's debt) owed under the Loan and Guarantee. *See* Liu Decl. ¶ 5 (discussing Article 99 of the Contract Law of the People's Republic of China). And because the ETA eliminates any liability of LeTV Holdings under the Loan and Guarantee, it also eliminates the obligations of its co-guarantor and majority shareholder, Mr. Jia. *Id.* ¶¶ 1, 5; *see generally id.* Exh. 3 (Civil Petition) at pp. 11-13.

### B. The Award And The Pending Challenges To It In China

The Loan and Guarantee were the subject of Case No. (2017) Jing Zhong An Zi No. 1504, initiated by SLC against LeTV Sports, LeTV Holdings, and Mr. Jia before the Beijing Arbitration Commission on June 28, 2017. In that arbitration, SLC sought payment of the principal amount of the loan (RMB 50 million), interest (RMB 7,540,410.96), and arbitration costs. *See* ECF No. 1-2, Exh. 1 at pp. 2-3. On January 22, 2018, the tribunal issued its award against LeTV Sports, LeTV Holdings, and Mr. Jia. *See id.* at pp. 20-21.

On January 14, 2019, the Beijing Second Intermediate People's Court accepted (as Case No. (2019) Jing 02 Min Chu No. 72) LeTV Holdings's complaint. That complaint seeks a declaration that SLC transferred its rights under the CRTA to Taoyun, and that the RMB 50 million in debt owed by LeTV Holdings under the Loan and Guarantee have been offset by the RMB 692 million in equities that were transferred pursuant to the ETA. *See* Liu Decl. Exh. 3 (Civil Petition) at p. 11-13; *see also id.* at 2 (Notice of Acceptance of Case) at p. 8.

On January 23, 2019, the Beijing Third Intermediate People's Court accepted (as Case No. 2019 京03 ZhiYi 153) LeTV Holdings's application for rejecting enforcement of the January 22, 2018 arbitral award. *See* Liu Decl. Exh. 1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

(Notification of Acceptance of Application) at p. 6. The court will rule on whether SLC was properly a party to the arbitration in light of its assignment of rights to Taoyun under the CRTA, and whether LeTV Holdings's obligations under the Loan and Guarantee were offset pursuant to the ETA. Liu Decl. ¶ 4. Both Chinese cases are expected to reach final resolution before the end of the year. *Id.* ¶¶ 3-4.

### C. The Procedural Posture Of This Case

SLC commenced this case on December 10, 2018, when it filed its Petition along with a request for a temporary restraining order preventing Mr. Jia from transferring certain assets. This Court granted a temporary restraining order (ECF No. 11, the "**TRO**") against Mr. Jia on December 13, 2018, "enjoining Respondent from transferring, concealing, reducing, encumbering, or otherwise making unavailable" certain property until "a final judgment is reached in this action." *See* TRO at pp. 2, 5.[2]

On January 30, 2019, SLC agreed to a briefing schedule on the Petition, whereby this Opposition is due to be filed on March 4, 2019, and SLC's five-page reply is due to be filed on March 11, 2019. ECF No. 22 (Joint Stipulation) at p. 1; *see also* ECF No. 10 at p. A-14 (standing order).

## III. THIS CASE CANNOT PROCEED UNTIL TAOYUN IS JOINED

SLC's Petition must be denied—and this action cannot proceed—because SLC failed to join Taoyun in this case, and Taoyun is a "person who is required to be joined" under Rule 19.[3] That Rule "is designed to protect the interests of absent parties, as well as those ordered before the court, from multiple litigation, inconsistent judicial determinations or the impairment of interests or rights," and "can be properly raised at any stage in [a] proceeding." *CP Nat'l Corp. v. Bonneville*

---

[2] Mr. Jia makes no admission in this Opposition as to whether any of those assets are owned or controlled by him or otherwise subject to attachment or freezing—issues he was unable to address at the time because SLC sought its order *ex parte*.

[3] All "Rules" cited herein refer to the Federal Rules of Civil Procedure, unless otherwise noted.

*Power Admin.*, 928 F.2d 905, 911-12 (9th Cir. 1991). All of those concerns are present here, and this case cannot proceed "in equity or good conscience" unless and until Taoyun is made a party. *See* Fed. R. Civ. P. 19(b).[4]

### A. Taoyun Is A "Person Required To Be Joined" Under Rule 19(a)

As an initial matter, Taoyun is plainly an indispensable party within the meaning of the Federal Rules. "The heart of Rule 19(a) is a disjunctive analysis." *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1031 (N.D. Cal. 2005). If any of its "prongs is satisfied, joinder is mandatory." *Id.*; Fed. R. Civ. P. 19(a)(2); *Shimkus v. Gersten Cos.*, 816 F.2d 1318, 1322 (9th Cir. 1987) ("Because the rule is stated in the disjunctive, we need show only that one…prong[] applies.").[5] And although any one of Rule 19's prongs would be sufficient to mandate joinder, all three prongs are met here.

First, in the absence of Taoyun, the Court "cannot accord complete relief among existing parties." Fed. R. Civ P. 19(a)(1)(A). "The 'complete relief' element 'is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action.'" *Tinoco v. SDG&E Co.*, 327 F.R.D. 651, 659 (S.D. Cal. 2018) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)). That element is satisfied here because SLC—an existing party—transferred away its rights to

---

[4] Indeed, SLC's failure even to mention Taoyun or the CRTA renders the Petition defective on its face. Rule 19(c) requires a petitioner to identify all persons "required to be joined" but who were not joined, along with "the reasons for not joining that person." *See* Fed. R. Civ. P. 19(c). SLC failed to do so, and that facial defect in its Petition cannot be remedied in a reply brief. *See, e.g.*, *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) ("[A] plaintiff cannot amend his complaint by a brief[.]"); *WPP Luxemburg Gamma Three Sarl v. Spot Runner Inc.*, No. CV 09-2487 PA (PLAX), 2009 WL 10675234, at *5 (C.D. Cal. Sept. 14, 2009) (same).

[5] "The design of the Rule…indicates that the determination whether to proceed will turn upon factors that are case specific…. This is also consistent with the fact that the determination of who may, or must, be parties to a suit has consequences for the persons and entities affected by the judgment; for the judicial system and its interest in the integrity of its processes and the respect accorded to its decrees; and for society and its concern for the fair and prompt resolution of disputes." *Philippines v. Pimentel*, 553 U.S. 851, 862-63 (2008).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

Taoyun upon the execution of the CRTA.[6] Thus, any relief awarded to SLC would not be "complete" from SLC's perspective, but *contingent* on SLC's ability to establish that it, not Taoyun, retains rights to payment under the Loan and Guarantee. Nor would relief be "complete" from the perspective of Mr. Jia, for whom liability under the Loan and Guarantee could only be established in a separate case involving SLC and Taoyun. That case "would be merely a clone of this proceeding," and "Rule 19 was designed to prevent just this sort of wasteful litigation." *CP Nat'l*, 928 F.2d at 912. Accordingly, Taoyun is "required to be joined" under Rule 19(a)(1)(A).

Second, Taoyun has a direct "interest relating to the subject of [this] action," and to proceed here without Taoyun "may…as a practical matter impair or impede [Taoyun's] ability to protect [its] interest[.]" Fed. R. Civ. P. 19(a)(1)(B)(i); *see also American Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1023 (9th Cir. 2002) (finding nonparties "necessary" for purposes of Rule 19 where their interests arose "from terms in bargained contracts"). Without question, that interest is "substantial" (*see id.*)—it is the *entirety* of SLC's interest in the arbitration award, which SLC bargained away to Taoyun along with "all the rights and interests ancillary thereto." *See* Liu Decl. Exh. 5 (CRTA) at pp. 51-52. There can hardly be a clearer example of a case that would "impair or impede" a nonparty's "ability to protect" its interest than one in which the petitioner seeks to liquidate that interest into a judgment on its own behalf. *See, e.g.*, *Delano Farms Co. v. Cal. Table Grape Comm'n*, 623 F. Supp. 2d 1144, 1158 (E.D. Cal. 2009) (the holder of the "substantive rights" that are the subject of the contract-in-suit "is an indispensable party"). Accordingly, Taoyun is "required to be joined" under Rule 19(a)(1)(B)(i), as well.

---

[6] If SLC had retained any rights under the CRTA, and were thus a *mutual* holder of rights along with Taoyun, Rule 19 would still apply. In that hypothetical, this case would be no different from *Albers v. PMP Access Fund Manager, LLC*, Nos. 5:10-FV-1054 JF, 5:10-FV-1057 JF, 2010 WL 2486369 (N.D. Cal. June 16, 2010). In *Albers*, the prevailing party in an arbitration sought judicial confirmation of the award, but failed to join the *other* prevailing party from the arbitration. The court dismissed the case: "Because [the absent party] is a jointly prevailing party to the Award, the Court cannot provide complete relief in its absence." *Id.* at *4.

Third, Taoyun's interest "relating to the subject of [this] action" would leave Mr. Jia "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" if Taoyun is not joined. Fed. R. Civ. P. 19(a)(1)(B)(ii). The risk of "double obligations" arises whenever a defendant may "be forced to pay twice for the same alleged misconduct causing the same harm." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1312 (5th Cir. 1986). That risk is patent here; indeed, there can be no serious dispute that SLC's failure to join Taoyun in this case exposes Mr. Jia to "double obligations" from SLC (the petitioner in this case) and Taoyun (the nonparty to which SLC transferred its rights).[7]

In these circumstances—where nonjoinder exposes a defendant to multiple lawsuits, from different plaintiffs, asserting the same substantive rights—courts have not only *required* joinder, but *dismissed* cases where joinder is infeasible. *See, e.g.*, *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1164-65 (C.D. Cal. 2010) (requiring joinder of "injured third party" whose injury "relates to the subject matter of this litigation"); *Albers*, 2010 WL 2486369, at *4 (dismissing case for failure to join all parties entitled to assert rights under arbitral award); *Pulitzer-Polster*, 784 F.2d at 1313 (affirming dismissal where the results of nonjoinder "may require two inconsistent dispositions of the same *res*"); *Rapoport v. Banco Mexicano Somex, S. A.*, 668 F.2d 667, 669 (2d Cir. 1982) (same).[8]

Accordingly, Taoyun is a person "required to be joined" under all three of Rule 19(a)(1)'s prongs—any one of which independently mandates joinder. *See*

---

[7] The rule against double recovery is, of course, foundational in American jurisprudence, and no arbitration award could be enforced in defiance of that rule. *See, e.g.*, *Cities Service Co. v. McGrath*, 342 U.S. 330, 334-35 (1952) (seizure of assets by U.S. government would be an unconstitutional taking "in the event a foreign court" entered a "judgment the payment of which would effect a double recovery" against the defendant); *see* 21 U.S.T. 2517, Art. V(2)(b) (arbitral awards cannot be confirmed where confirmation would "be contrary to the public policy" of the United States).

[8] *See also PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1312 (11th Cir. 2016) (requiring joinder of all parties to an arbitration agreement avoids "risking inconsistent judgments in the same operative cause of action").

*Shimkus*, 816 F.2d at 1322; Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court *must* order that the person be made a party.") (emphasis added).

### B. The Case Should Be Dismissed If Joinder Of Taoyun Is Infeasible

Because Taoyun is a "required" person within the meaning of Rule 19(a), "[the] court must determine if it is feasible" for Taoyun to be joined. *Tinoco*, 327 F.R.D. at 656. Joinder is "feasible" where "subject matter and personal jurisdiction exist and venue is proper"—as is the case here. *Id.*[9]

Even if the Court finds that joinder is not feasible, the remedy is not for SLC's Petition to be granted—but for it to be denied, and the case dismissed. Pursuant to Rule 19(b), where a necessary party "cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In weighing that determination, the Rules require the consideration of the following factors:

(1) The extent to which a judgment rendered in [Taoyun's] absence might prejudice [Taoyun] or the existing parties;

(2) The extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment; (B) shaping the relief; or

(C) other measures;

(3) Whether a judgment rendered in [Taoyun's] absence would be adequate; and

---

[9] Venue is proper here in light of Mr. Jia's residence in this judicial district. *See* 28 U.S.C. § 1391(b)(1). Nor would Taoyun's joinder affect this Court's subject matter jurisdiction under 9 U.S.C. § 203. The archetypal case of infeasible joinder on grounds of subject matter jurisdiction arises where the absent defendant has sovereign immunity (which Taoyun does not have). *See, e.g., Pimentel*, 553 U.S. at 864; *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 780-81 (9th Cir. 2005). As for personal jurisdiction, the Petition's effort to prosecute *Taoyun's rights* in this forum suggests either that Taoyun has purposefully availed itself of this Court's process in direct relation to this proceeding, or that SLC is acting entirely without the knowledge or assent of Taoyun. In the former scenario, personal jurisdiction would be proper. *See, e.g., Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). In the latter scenario, this case must be dismissed; SLC cannot justly recover on a nonparty's rights without that nonparty's knowledge or assent.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

(4) Whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*See* Fed. R. Civ. P. 19(b)(1)-(4); *see also Tinoco*, 327 F.R.D. at 656 (citing *id.*). The balancing of these factors weighs strongly in favor of dismissal, and against proceeding in the absence of Taoyun.

First, a judgment rendered in Taoyun's absence would cause extraordinary prejudice both to Taoyun and Mr. Jia. It is for that very reason that under similar circumstances, courts have dismissed actions for failure to join nonparty creditors. *See Albers*, 2010 WL 2486369, at *4; *Pulitzer-Polster*, 784 F.2d at 1313; *Rapoport*, 668 F.2d 669. At a minimum, entry of judgment (either in SLC's or Mr. Jia's favor) would all but guarantee a second, wasteful litigation in which either Taoyun recovered nothing for the rights it acquired under the CRTA, or Mr. Jia was impermissibly compelled "to pay twice for the same alleged…harm." *Pulitzer-Polster*, 784 F.2d at 1312; Fed. R. Civ. P. 19(b)(1). That is precisely the type of "unnecessary and repetitive litigation" that Rule 19 was designed to avoid. *CP Nat'l*, 928 F.2d at 912; *Seo Kyoung Won v. England*, Civ Nos. 07-00606, 08-00158, 2009 U.S. Dist. LEXIS 50428, at *13 n.6 (D. Haw. June 12, 2009) (the "potential prejudice…of facing multiple litigations is precisely what Rule 19 seeks to prevent."). Rule 19(b)(1) thus weighs in favor of dismissal.

Second, the prejudice to Taoyun and Mr. Jia cannot be avoided by "protective provisions in the judgment" or by "shaping the relief." Fed. R. Civ. P. 19(b)(2). This is not a case involving declaratory or injunctive relief, where the Court could tailor its decree to avoid any intrusion into Taoyun's rights. Rather, the CRTA establishes that SLC *has no rights of its own*, and the only rights at issue in this case are those *held by Taoyun*. *See* Liu Decl. Exh. 5 (CRTA) pp. 51-52. There is no way in which judgment could be entered in SLC's favor without exposing Taoyun and Mr. Jia to unnecessary, duplicative litigation beset by issues of double recovery. Conversely, if judgment were entered in Mr. Jia's favor on the merits—because the

CRTA makes Taoyun the only proper plaintiff, and the ETA provides Taoyun with full compensation—there are no "protective provisions in the judgment" that could lessen the impact on Taoyun. Rule 19(b)(2) thus weighs in favor of dismissal.

Third, a judgment rendered in Taoyun's absence would be plainly inadequate. *See* Fed. R. Civ. P. 19(b)(3). For these purposes, "adequacy" refers not "to satisfaction of the [plaintiff's] claims[,]" but "to the 'public stake in settling disputes by wholes, whenever possible.'" *Pimentel*, 553 U.S. at 870 (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968)).[10] As noted above, SLC's decision to transfer its rights to a nonparty—and in particular, a nonparty for which Mr. Jia's debts have been expunged by the ETA—renders it impossible to resolve this dispute "as a whole" unless Taoyun is joined. *Id.*; *see also CP Nat'l*, 928 F.2d at 912 ("The interests that are being furthered [in Rule 19] are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter.") (internal quotation omitted). Rule 19(b)(3) thus weighs in favor of dismissal, as well.

Fourth, SLC would not be "deprived of an adequate remedy if the action were dismissed for nonjoinder." *See* Fed. R. Civ. P. 19(b)(4). As a threshold matter, SLC's assignment of its rights to a nonparty means that it is not entitled to any remedy at all—as an improper plaintiff with no standing to sue, SLC cannot be "deprived" of any remedy, adequate or otherwise. But even if that were not the case, SLC does have a viable path forward: it can attempt to establish, in a Chinese forum *that also involves Taoyun*, that (1) SLC can still claim the rights that it traded away to Taoyun in the CRTA, and (2) those rights have not been negated by the ETA. But unless and until SLC establishes those points—in a proceeding that includes Taoyun instead of evading it—"equity and good conscience" mandate the dismissal of SLC's

---

[10] "This 'social interest in the efficient administration of justice and the avoidance of multiple litigation' is an interest that has 'traditionally been thought to support compulsory joinder of absent and potentially adverse claimants.'" *Id.* (quoting *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 737-38 (1977)).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

Petition.[11]  In fact, such a proceeding is already underway and currently pending (and, as detailed below, the existence of that proceeding requires at a minimum that this case be stayed while it remains pending).

Accordingly, all of the Rule 19(b) factors favor dismissal, and in the event this Court finds joinder of Taoyun to be infeasible, this case should be dismissed.

## IV. THIS CASE SHOULD BE STAYED PENDING RESOLUTION OF THE PROCEEDINGS IN CHINA

Separate and apart from its noncompliance with Rule 19, SLC's Petition cannot currently be adjudicated under the New York Convention.  Specifically, the New York Convention provides that an arbitral award is not enforceable where it has "not yet become binding on the parties" because it remains subject to challenge "by a competent authority of the country in which, or under the law of which, that award was made."  *See* 21 U.S.T. 2517, Art. V(1)(e).  And while an award remains under challenge and review by that "competent authority" in its country of origin, it is appropriate for courts in other countries to "adjourn the decision on the enforcement of the award."  *Id.* at Art. VI.

In other words, the New York Convention "expressly contemplates staying an action to confirm an arbitral award in the case of ongoing proceedings in the originating country to set aside the award."  *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 286 (D.D.C. 2016).  Such a stay of proceedings is closely linked to—and serves the same objectives as—a number of federal doctrines "grounded in principles of comity."  *See, e.g.*, *Sarei v. Rio Tinto, PLC*, 550 F.3d 822, 829 (9th Cir. 2008) (en banc) ("Invoking [prudential] exhaustion out of respect for another sovereign…resonates most forcefully in the international context."); *see also Mujica v. AirScan, Inc.*, 771 F.3d 580, 598-99 (9th Cir. 2014) ("International comity is a doctrine of prudential abstention…. which 'may be viewed as a discretionary act of

---

[11]  The three-year statute of limitations for enforcement of an international arbitration award provides a more than sufficient period for SLC to adjudicate those issues.  *See* 9 U.S.C. § 207.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD

deference by a national court to decline to exercise jurisdiction in a case properly adjudicated in a foreign state.'") (quoting *In re Maxwell*, 93 F.3d 1036, 1047 (2d Cir. 1996)).

Those principles require that any further proceedings in this forum be stayed until the termination of related proceedings in the Chinese courts. As detailed in Section II(B), *supra*, there are currently two cases pending in China—before the Beijing Second Intermediate People's Court and the Beijing Third Intermediate People's Court—that will adjudicate the enforceability of the same arbitral award SLC seeks to confirm here, as well as the rights and obligations of SLC, Taoyun, and Mr. Jia under that award as well as the CRTA and ETA. *See* Liu Decl. ¶¶ 3-4. Those courts are indisputably "competent authorities" within the meaning of the New York Convention; they are the official courts "of the country in which, or under the law of which, [the] award was made." *See* 21 U.S.T. 2517, Art. V(1)(e); *see also* ECF No. 1, ¶ 7 ("[T]he Final Award was made in the People's Republic of China, which is a party to the New York Convention.").

In light of those Chinese cases, the "award has not yet become binding on the parties," and SLC's Petition is not yet ripe under the New York Convention. 21 U.S.T. 2517, Art. V(1)(e). Moreover, it would be premature for a United States court to address these issues while the Chinese cases are pending. Every single underlying contract—the Loan, the Guarantee, the CRTA, and the ETA—was executed entirely by Chinese parties, and is governed by Chinese law. *See, e.g.*, ECF No. 1-2, Exhs. 2-3; Liu Decl., Exhs. 4-5. Thus, the Chinese courts have a greater interest in the subject matter of the dispute, and are more expert in the substantive law by which it must be resolved. Under these circumstances, there is no need for this Court to intercede before the Chinese courts render their decision.

That was the conclusion of Judge Carter of this Court, in *AJU Small but Great Fund 5 v. Apache Golf, Inc.*, No. SACV171063, 2017 WL 7803799 (C.D. Cal. Aug. 23, 2017). In *AJU*, the court was presented with a petition to confirm a Korean

arbitral award while a parallel proceeding (which sought to vacate the award) was pending in Korea. *Id.* at *1. The court reasoned that if it "were to confirm the award and the award were subsequently overturned in Seoul Central District Court, the contrary results would undermine confidence in international arbitration agreements," and so "[t]o avoid such an outcome," the court found "it appropriate to adjourn judgment on the enforcement of the arbitral award[.]" *Id.* Accordingly, the court decided that it would "not rule on the merits of the Petition until the Seoul Central District Court arrive[d] at a decision regarding the validity of the arbitration award." *Id.* at *2. The same outcome is appropriate here. Indeed, this case presents an even stronger basis for a stay than *AJU*, for two reasons. First, the TRO ensures that SLC faces no prejudice from a delay in these proceedings while the Chinese cases remain pending. Second, the declaration of Mr. Jia's Chinese counsel indicates that the Chinese cases will be resolved promptly—before the year's end.[12]

Accordingly, this Court should stay all further proceedings (except for such limited proceedings as may be necessary to effect the joinder of Taoyun in this case) until the two pending Chinese cases are terminated.

## V.   CONCLUSION

For the foregoing reasons, SLC should be ordered to join Taoyun into this case; all other proceedings in this action should be stayed pending final disposition of the Chinese cases; and if joinder of Taoyun proves to be infeasible, this case should be dismissed.

Dated: March 4, 2019

LATHAM & WATKINS LLP
    Daniel S. Schecter
    R. Peter Durning, Jr.

By  /s/ Daniel Scott Schecter
    Daniel Scott Schecter
    Attorneys for Respondent Jia Yueting

---

[12]   Should the Court desire, it could order a filing by Mr. Jia after six months (or some other interval) to advise on the status of the Chinese cases.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

RESPONDENT JIA YUETING'S OPPOSITION
TO SLC'S PETITION TO CONFIRM
ARBITRATION AWARD