# EXHIBIT 3

# Civil Petition

**Plaintiff: LETV Holdings (Beijing) Co., Ltd. ("LETV Holdings")**

Domicile: 1102, 10th Floor, Building 3, No. 105, Yaojiayuan Road, Chaoyang District, Beijing

Legal Representative: Wu Meng                Title: Manager

**Defendant 1: Taoyun Capital Group Co., Ltd. ("Taoyun Capital")**

Domicile: Room 1, F/16, East No. 1 Office Building, East Economic and Trade City, East Plaza, No. 1 East Chang'an Street, Dongcheng District, Beijing

Legal Representative: Wen Xiaodong          Title: Executive Director

Contact Number: 15011263585

**Defendant 2: Shanghai Lan Cai Asset Management Co., Ltd ("Shanghai Lan Cai")**

Residence: Room 1049, Building. 6, No. 112-118 Gaoyi Road, Baoshan District, Shanghai

Legal Representative: Liao Zhida            Title: Executive Director

Contact Number: 18501623028

**Cause of Action:** Contract Disputes

**Claims:**

    1. To affirm that the transfer of the RMB 50 million creditor's rights over LeTV Sports Culture Develop (Beijing) Co., Limited ("**LeTV Sports**") from the Defendant 2 to the Defendant 1 has taken effect on the Plaintiff;

    2. To affirm that the RMB 50 million debts of the Plaintiff to the Defendant 1 have been offset;

    3. To rule that all the litigation costs in this case shall be borne by the Defendant 1.

**Facts and Grounds:**

On July 14, 2017, with a *Creditor's Rights Transfer Agreement* (Contract No.: 8QZR-2017001-01-SHLC) signed in Chaoyang District of Beijing, the Defendant 2, Shanghai Lan Cai transferred its RMB 50 million creditor's rights over LeTV Sports to the Defendant 1, Taoyun Capital, who has accepted the said creditor's rights.

On September 28, 2017, **Tian Chunying,** an employee of Taoyun Capital, sent an

1

Exhibit 3
Page 10

e-mail to Nie Chengzhi, an employee of the Plaintiff (i.e. the guarantor), and copied to Lv Shanshan and Wang Ying of Lancapital Holding Group (an affiliate of Taoyun Capital). Contents of the e-mail were the **Creditor's Rights Transfer Agreement and related underlying agreements**, with a scanner of the signed *Creditor's Rights Transfer Agreement*. It is stipulated in Article 80 of the *Contract Law of the People's Republic of China* (the "*Contract Law*") that "A creditor to transfer its creditor's rights shall notify the debtor. The transfer shall be not binding on the debtor without such notification. The creditor's notification of transfer of creditor's rights shall not be revoked, unless agreed by the transferee." In the case numbered (2016) Zui Gao Fa Zhi Fu No. 48, the Supreme Court stated: "It is not specified by laws the form of notification of transfer of creditor's rights. Creditors may choose the form of notification at their discretion, provided that they should ensure the debtors are timely and accurately informed of the transfer of creditor's rights." Further, E-mail is also a kind of written form.

Based on the above provisions and case, since the Defendant 1 Taoyun Capital has already notified the transfer of creditor's rights in the email and provided the *Creditor's Rights Transfer Agreement*, the debtor can accurately know the fact of transfer of creditor's rights. Besides, the Defendant 1 Taoyun Capital's action of notifying the Plaintiff LETV Holdings (i.e. the guarantor) of the transfer of creditor's rights by mail and coping its affiliate on September 28, 2017 make the Plaintiff reasonably to believe that it has been notified of the transfer of the creditor's rights between the two Defendants clearly and legitimately, and the transfer of creditor's rights is legally binding upon the Plaintiff and the two Defendants. Therefore, the Plaintiff believes that the transfer of RMB 50 million creditor's rights over LeTV Sports between the Defendant 1 and the Defendant 2 has taken effect on the Plaintiff, thus hopes that the court will support the first claim raised herein.

In accordance with Article 112 of *Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China*, "Where the documentary evidence is under the control of the other party concerned, the party concerned with the burden of proof may apply to a people's court in writing before the expiration of the period for adducing evidence to order the other party concerned to submit such documentary evidence", "Where the other party concerned refuses to submit the documentary evidence for no proper reason, the people's court may affirm that the content of the documentary evidence claimed by the applicant is true."

The Plaintiff LETV Holdings and the Defendant 1 Taoyun Capital signed the *Agreement between Wu Meng and Shanghai Zheyun Business Consulting Partnership (Limited Partnership) Regarding the Transfer of Equity of Beijing Dongfang Cheyun Information Technology Co., Ltd.* on 30 June 2017. In the agreement, the Plaintiff LETV Holdings, Mr. Jia Yueting (the Actual Controller of LETV) and the Defendant 1 Taoyun Capital explicitly agreed that "Taoyun Capital and its related parties have reached consensus with the Actual Controller of LETV and the LETV Related Entities on payment of the consideration for the Target Equity and Easy Go Equity by deduction of the part or all

of the debt in the package loans (collectively referred to as the "Transaction"). It is also stipulated in Article 2.02 thereof that: " The Transaction shall be a debt-based acquisition, and the consideration for the Transaction is divided into two parts:……The second part of the Transaction Consideration is in the form of debt deduction, Taoyun Capital and its related parties and the Actual Controller of LETV and the LETV Related Entities agree to deduct the consideration for the Transaction in the amount of RMB 692 million using the claims contained in the package loans totaled RMB 692 million. After this Agreement is signed and becomes effective, the above claims are deemed to have been deducted. The Transferor and the Actual Controller of LETV hereby clarify and confirm that after the completion of the above two parts, the Transferee shall be deemed to have paid the full consideration for the Transaction".

In fact, after the signing of the agreement, Taoyun Capital has not fulfilled the obligations of deduction stipulated therein, i.e., debt offset in the legal sense. Regarding the offset of RMB 692 million debts between LETV and Taoyun Capital, LETV has repeatedly requested Taoyun Capital to fulfil the obligations of deduction after the Equity Transfer Agreement came into force and after the equity transfer was completed on October 27, 2017 and December 12, 2017 respectively, but Taoyun Company refuses to implement the debt offset.

In accordance with Article 62 of the *Contract Law*, "Where relevant terms of a contract are unclear, and cannot be determined in accordance with the provisions of Article 61 hereof, the following provisions shall apply:4. if the time of performance is unclear, the debtor may at any time fulfill, and the creditor may also demand at any time the fulfillment of, the obligations, provided that a time limit for necessary preparation shall be given to the other party; 5. if the method of performance is unclear, performance shall be rendered in a manner which is conducive to realizing the purpose of the contract; ……" Further, it is stipulated in Article 61 of the *Contract Law* that "Where, after a contract becomes effective, there is no agreement in the contract between the parties on the terms regarding quality, price or remuneration or place of performance, or such agreement is unclear, the parties may supplement the terms by agreement. In the case of failure to reach a supplementary agreement, the terms shall be determined in accordance with the relevant clauses of the contract or trade practices", now that the Plaintiff and the Defendant 2 failed to negotiate and reach a supplementary agreement, we believe that the debt shall be set off where any debtor proposes to the same in accordance with relevant terms of the contract or the trade practices.

In addition, it is stipulated in Article 99 of the *Contract Law* that, "Where the parties to a contract have obligations due to each other and the types and nature of the subject matters are the same, either party may offset its obligation against that of the other party, except where the obligations are not allowed to be offset in accordance with the law or in light of the nature of the contract. Either party proposing to offset obligations shall give a notice to the other party. Such notice shall be effective upon reaching the other party. The offset shall not be subject to any condition or time limit." In the Plaintiff's

opinion, the debt offset between the Plaintiff and the Defendant 1 shall not subject to a time limit for necessary preparation, but a signed agreement or affirmation of a court. Debt offset between the Plaintiff and the Defendant 1 is also one of the fundamental purposes of the equity transfer contract, so the debts of both parties shall be offset within the scope of RMB 692 million immediately when we propose debt offset. Therefore, we hope that the court will support the second claim raised herein.

In addition, Lancapital Holding Group is located at Room 1, F/16, East No. 1 Office Building, East Economic and Trade City, East Plaza, No. 1 East Chang'an Street, Dongcheng District, Beijing, and its majority shareholder (75%) is the Defendant 1, Taoyun Capital.

The Plaintiff holds that the transfer of creditor's rights between the Defendant 1 and the Defendant 2 has come into effect, and the RMB 50 million debts between the Plaintiff and the Defendant 1 can be offset, therefore, appeals to the court to support its claims in accordance with the law.

To

Beijing Second Intermediate People's Court

By: LETV Holdings (Beijing) Co., Ltd.

Legal Representatives: _____

On: _____

(Stamped)

4

Exhibit 3
Page 13

# 民事起诉状

**原告：** 乐视控股（北京）有限公司

住所地：北京市朝阳区姚家园路 105 号 3 号楼 10 层 1102

法定代表人：吴孟　　　职务：经理

**被告一：** 韬蕴资本集团有限公司

住所地：北京市东城区东长安街 1 号东方广场东方经贸城东一办公楼十六层 1 室

法定代表人：温晓东　　　职务：执行董事

联系电话：15011263585　　13701231884

**被告二：** 上海懒财资产管理有限公司

住所地：上海市宝山区高逸路 112-118 号 6 幢 1049 室

法定代表人：廖志达　　　职务：执行董事

联系电话：18501623028

案由：合同纠纷

诉讼请求：

1、确认被告一和被告二之间对乐视体育文化产业发展（北京）有限公司的 5000 万债权的转让行为对原告已生效；

2、确认原告对被告一的上述 5000 万债务已经抵销；

3、本案的诉讼费用全部由被告一承担。



1

Exhibit 3
Page 14

事实和理由：

被告二上海懒财资产管理有限公司于2017年7月14日将对乐视体育的人民币5000万元债权转让给了被告一韬蕴资本集团有限公司（以下简称"韬蕴公司"）。韬蕴公司已从上海懒财资产管理有限公司处受让上述上海懒财资产管理有限公司对乐视体育享有之债权，且双方于北京市朝阳区签订了债权转让协议，合同编号为8QZR-2017001-01-SHLC。

韬蕴资本集团有限公司的员工田春颖于2017年9月28日向原告即担保债务人员工聂诚芝发送了一份电子邮件，同时抄送了蓝巨投资控股集团有限公司的吕珊珊和王英，邮件内容为**乐视体育债权转让协议及相关底层协议**，并附上了债权转让合同签字版扫描件。根据《中华人民共和国合同法》第八十条规定："债权人转让权利的，应当通知债务人。未经通知，该转让对债务人不发生效力。债权人转让权利的通知不得撤销，但经受让人同意的除外。" 在（2016）最高法执复48号案例中，最高院说明："对于债权转让通知的形式，法律未作明确规定，债权人可自主选择通知形式，但应保证能够为债务人及时、准确的获知债权转让的事实。" 而且，电子邮件也是书面形式的一种。

基于上述规定和案例，韬蕴资本集团有限公司的通知邮件中已经说明了债权转让的事实，而且提供了《债权转让协议》，债务人可以准确获知债权转让的事实。该被告一于2017年9月28日以邮件的形式通知了原告即担保债务人乐视控股（北京）有限公司，并且同时抄送

了被告一的关联公司的债权转让通知行为使原告有完全的理由认为，二被告债权转让的意思明确且合法的通知到了担保债务人原告，该债权转让行为对原告以及二被告均由法律约束力，均不得随意违反。原告认为被告一和被告二之间对乐视体育文化产业发展（北京）有限公司的 5000 万债权的转让行为对原告已生效，故希望贵院判如所请第一项诉讼请求。

根据《民事诉讼法》司法解释第一百一十二条，书证在对方当事人控制之下的，承担举证证明责任的当事人可以在举证期限届满前书面申请人民法院责令对方当事人提交。对方当事人无正当理由拒不提交的，人民法院可以认定申请人所主张的书证内容为真实。

原告乐视控股（北京）有限公司与被告一韬蕴资本集团有限公司于 2017 年 6 月 30 日签署了吴孟与上海哲蕴商务咨询合伙企业（有限合伙）关于北京东方车云信息技术有限公司股权转让协议。在该协议中原告乐视控股（北京）有限公司、乐视实控人贾跃亭先生与被告一韬蕴资本集团有限公司明确约定了"韬蕴资本集团有限公司及其关联方与乐视实控人、乐视相关主体之间就一揽子借款（"一揽子借款"）的部分或全部债权中用于抵扣标的股权及 Easy Go 股权交易对价（合称"本次交易"）已达成共识"。且该协议第 2.02 款约定本次交易应为承债式收购，交易对价分为两部分：其中，第二部分交易对价为债权抵扣部分，韬蕴资本及其关联方与乐视实控人、乐视相关主体之间就一揽子借款债权中的部分，即共计 6.92 亿元人民币抵扣本次交易交易

3

Exhibit 3
Page 16

对价的 6.92 亿元人民币。在本协议签订生效后，上述债权即视为抵扣完毕。转让方、乐视实控人在此明确确认，上述两部分事宜履行完毕后，即视为受让方已完成全部交易对价的支付。

实际上，本协议签订后，韬蕴资本集团有限公司完全没有履行第二部分约定的抵扣行为，即法律意义上的债务抵销。关于乐视与韬蕴之间的 6.92 亿元人民币债务的抵销，乐视方在股权转让协议生效后以及分别于 2017 年 10 月 27 日和 2017 年 12 月 12 日股权转让完成后，曾多次要求韬蕴公司履行抵扣义务，但是韬蕴公司拒不履行债务抵销行为。

依据我国《合同法》第六十二条规定，当事人就有关合同内容约定不明确，依照本法第六十一条的规定仍不能确定的，适用下列规定：（四）履行期限不明确的，债务人可以随时履行，债权人也可以随时要求履行，但应当给对方必要的准备时间。（五）履行方式不明确的，按照有利于实现合同目的的方式履行。而按照《合同法》第六十一条的规定，原告与被告二双方已经无法协商成功且不能达成补充协议，但是我方认为按照合同有关条款或者交易习惯应该在任何债务一方提出抵销债务时，债务便抵销。

另外，我国《合同法》第九十九条规定当事人互负到期债务，该债务的标的物种类、品质相同的，任何一方可以将自己的债务与对方的债务抵销，但依照法律规定或者按照合同性质不得抵销的除外。当事人主张抵销的，应当通知对方。通知自到达对方时生效。抵销不得

4

Exhibit 3
Page 17

附条件或者附期限。原告认为，原告与被告一之间的债务抵销不需要准备履行债务的时间，签署协议或者法院确认即可。原告与被告一之间的债务抵销也是股权转让合同的根本目的之一，故我方提出债务抵销之时，双方在6.92亿债务范围内的债务随即抵销。请求法院对我方的第二项诉讼请求判如所请。

另外，蓝巨投资控股集团有限公司，住所地北京市东城区东长安街1号东方广场东方经贸城东一办公楼十六层8室。该公司的持股75%的大股东是本案被告一韬蕴资本集团有限公司。

原告认为，被告一与被告二的债权转让行为已经生效，且原告与被告一之间的5000万债务能够抵销。故诉至贵院，请求贵院依法支持原告的诉讼请求。

此致

北京市第二中级人民法院



具状人：乐视控股（北京）有限公司

法定代表人：

年　月　日

5

Exhibit 3
Page 18