# EXHIBIT 6

# Application

## for

# Not Enforcing Arbitral Award



| | |
|---|---|
| Applicant of Objection: | LeTV Holdings (Beijing) Co., Ltd. |
| Place of residence: | 1102, 10th Floor, Building 3, No. 105 Yaojiayuan Road, Chaoyang District, Beijing |
| Legal representative: | Wu Meng |
| | Position:     Manager |

| | |
|---|---|
| Applicant of Enforcement: | Shanghai Lan Cai Asset Management Co., Ltd.Place of residence:     Room 1049, Building 6, No. 112-118, Gaoyi Road, Baoshan District, Shanghai |
| Legal representative: | Liao Zhida |
| | Position:     Executive Director |
| | Contact number:     18501230228 |

| | |
|---|---|
| Respondent of Enforcement: | Jia Yueting, Male, |
| | Date of birth: 15 December, 1973, Han Ethnicity |
| Address: | No. 31 Jiefang West Road, Yaodu District, Linfen City, Shanxi Province |
| Identity ID: | 14262319731215081X. |

**Application for Non-enforcement:**

Exhibit 6
Page 59

The Applicant of Objection received from the court on 10 January 2019 the Enforcement Ruling （No. (2019) Jing 03 Zhi 30), ruling the enforcement of the arbitral award in the case of Beijing Arbitration Commission (2018) Jingzhong Case No. 0146. We hereby apply to the people's court for not enforcing this award.

**Facts and Reasons:**

During the arbitral proceedings of (2018) Jingzhong Case No. 0146, Shanghai Lan Cai Asset Management Co., Ltd. assigned its rights as a creditor against LeTV Sports in the amount of RMB 50 million to Taoyun Capital Group Co., Ltd. ("**Taoyun**") on 14 July 2017. Taoyun has accepted the above-mentioned creditor's rights against LeTV Sports from Shanghai Lan Cai Asset Management Co., Ltd., and the parties signed an assignment agreement (Contract No. 8QZR-2017001- 01-SHLC) in Chaoyang District, Beijing.

The arbitral tribunal of Beijing Arbitration Commission was unaware that Taoyun had notified the Claimant of the assignment of the creditor's rights on 28 September 2017. It did not notice that Taoyun should have fulfilled its obligation to pay RMB 50 million to Shanghai Lan Cai Asset Management Co., Ltd. before 3 pm on 16 October 2017, i.e. before the hearing of the case. The arbitral tribunal did not ask for details regarding the assignment of the creditor's rights, nor did they question the Lan Cai's bad faith actions, including concealing facts and making false statements. Due to all of the reasons above, Shanghai Lan Cai Asset Management Co., Ltd. improperly obtained an award in its favour through arbitration affirming its rights as a creditor against the Applicant of Objection -- LeTV Holdings. The real creditor should be Taoyun Capital Group Co., Ltd.

Exhibit 6
Page 60

According to Article 237 of the Civil Procedure Law, if the evidence submitted by the Respondent can prove that the arbitral award falls within one of the following circumstances, subject to examination and verification of a collegial panel of the people's court, and the arbitral award shall not be enforced: (5) The other party conceals from the arbitral institution any evidence that is sufficient to impede a fair ruling. We submit that Lan Cai has concealed evidence that is sufficient to impede a fair ruling, therefore respectfully request the court to rule that the arbitral award shall not be enforced.

In addition, LeTV Holdings (Beijing) Co., Ltd. and Taoyun Capital Group Co., Ltd. signed the Share Transfer Agreement between Wu Meng and Shanghai Zheyun Business Consulting Partnership (Limited Partnership) regarding Beijing Oriental Car Cloud Information Technology Co., Ltd. on 30 June 2017, in which LeTV Holdings (Beijing) Co., Ltd., LeTV's real controller Mr. Jia Yueting and Taoyun Capital Group Co., Ltd. clearly agreed that "Taoyun Capital Group Co., Ltd. together with its affiliates and LeTV's real controller together with LeTV's affiliates have reached a mutual understanding regarding the use of part or all of the debts of a package of loans ("**Package Loans**") to offset the underlying shares and the consideration of the EasyGo shares transaction (collectively "**this Transaction**"). In addition, clause 2.02 of this Agreement stipulates that this Transaction should be a debt-based acquisition. The consideration is composed of two element, the second part of which is the credit offset: Taoyun together with its affiliates and LeTV's real controller together with LeTV's affiliates agree to use part of the Package Loans in the total amount of RMB692 million to offset the consideration of RMB692 million. After the signing and coming into effectiveness of this Agreement, the above creditor's rights are deemed to have been offset.

The Package Loans Agreement includes the creditor's rights in the amount of RMB 50 million against LeTV Sports assigned by Lan Cai to Taoyun. Therefore, neither LeTV Holdings nor LeTV Sports is responsible to Lan Cai and Taoyun for

Exhibit 6
Page 61

such debt. Therefore, we apply to the court and request that the arbitral award should not be enforced.

Sincerely

Beijing Third Intermediate People's Court

Applicant:  LeTV Holdings (Beijing) Co., Ltd.

（Signed）

January, 23rd ,2019

Exhibit 6
Page 62

# 不予执行仲裁裁决申请书

异议人：乐视控股（北京）有限公司

住所地：北京市朝阳区姚家园路 105 号 3 号楼 10 层 1102

法定代表人：吴孟　　　　职务：经理

申请执行人：上海懒财资产管理有限公司

住所地：上海市宝山区高逸路 112-118 号 6 幢 1049 室

法定代表人：廖志达　　　　职务：执行董事

联系电话：18501623028

被申请执行人：贾跃亭，男，1973 年 12 月 15 日出生，汉族，住山西省临汾市尧都区解放西路 31 号，身份证号码 14262319731215081X。


申请不予执行事项：

申请人 2019 年 1 月 10 日收到贵院(2019)京 03 执 30 号《执行裁定书》，裁定执行北京市仲裁委员会（2018）京仲案字第 0146 号裁决书。现依法请求人民法院依法裁定不予执行该裁决书。

事实和理由：

在（2018）京仲案字第 0146 号审理过程中，上海懒财资产管理有限公司于 2017 年 7 月 14 日将对乐视体育的人民币 5000 万元债权转让给了韬蕴资本集团有限公司（以下简称"韬蕴公司"）。

1

Exhibit 6
Page 63

韬蕴公司已从上海懒财资产管理有限公司处受让上述上海懒财资产管理有限公司对乐视体育享有之债权，且双方于北京市朝阳区签订了债权转让协议，合同编号为 8QZR-2017001-01-SHLC。

　　北京仲裁委员会的仲裁庭不知道 2017 年 9 月 28 日韬蕴公司已经将债权转让的事实通知了原告，没有注意到韬蕴资本集团有限公司应该于 2017 年 10 月 16 日下午 15 点前，也就是仲裁庭审理该案开庭前就应该履行了支付给上海懒财资产管理有限公司 5000 万元人民币的义务，没有询问相关债权转让的具体细节，以及懒财公司的隐瞒性虚假陈述等不诚信行为，最终上述诸多原因导致上海懒财资产管理有限公司通过仲裁不当取得了对申请人乐视控股的债权。真正的债权人应该是韬蕴资本集团有限公司。

　　根据民事诉讼法第二百三十七条，被申请人提出证据证明仲裁裁决有下列情形之一的，经人民法院组成合议庭审查核实，裁定不予执行：（五）　对方当事人向仲裁机构隐瞒了足以影响公正裁决的证据的。我方认为 懒财公司隐瞒了足以影响公正裁决的证据，请贵院裁定不予执行该裁决书。

　　另外，乐视控股（北京）有限公司与韬蕴资本集团有限公司于 2017 年 6 月 30 日签署了吴孟与上海哲蕴商务咨询合伙企业（有限合伙）关于北京东方车云信息技术有限公司股权转让协议。在该协议中乐视控股（北京）有限公司、乐视实控人贾跃亭先生与韬蕴资本集团有限公司明确约定了"韬蕴资本集团有限公司及

2

Exhibit 6
Page 64

其关联方与乐视实控人、乐视相关上体之间就一揽子借款（"一揽子借款"）的部分或全部债权中用于抵扣标的股权及 Easy Go 股权交易对价（合称"本次交易"）已达成共识"。且该协议第 2.02 款约定本次交易应为承债式收购，交易对价分为两部分：其中，第二部分交易对价为债权抵扣部分，韬蕴资本及其关联方与乐视实控人、乐视相关主体之间就一揽子借款债权中的部分，即共计 6.92 亿元人民币抵扣本次交易交易对价的 6.92 亿元人民币。在本协议签订生效后，上述债权即视为抵扣完毕。

　　该一揽子借款协议包含了上海懒财转让给韬蕴集团的该笔对乐视体育的 5000 万债权。所以，乐视控股以及乐视体育均不再对上海懒财以及韬蕴集团负有该笔债务。故申请法院裁定不予执行。

　　此致

北京市第三中级人民法院

申请人： 乐视控股（北京）有限公司

二〇一九年一月二十三日

3

Exhibit 6
Page 65