Bethany Stevens (SBN 245672)
bstevens@wscllp.com
Amanda Walker (SBN 252380)
awalker@wscllp.com
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone: (213) 712-9145
Fax: (213) 403-4906

Michael Ng (SBN 237915)
michael.ng@kobrekim.com
Daniel Zaheer (SBN 237118)
daniel.zaheer@kobrekim.com
KOBRE & KIM LLP
150 California Street, 19th Floor
San Francisco, California 94111
Telephone: (415) 582-4800

(Additional Counsel on next page)

*Attorneys for Petitioner*
*Shanghai Lan Cai Asset*
*Management Co, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.,**<br><br>Petitioner,<br><br>v.<br><br>**JIA YUETING,**<br><br>Respondent. | Case No. 2:18-cv-10255-SJO-MRW<br><br>**PETITIONER'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE REPLY BRIEF; MEMORANDUM IN SUPPORT**<br><br>Hon. S. James Otero |

Christopher Cogburn (admitted *pro hac vice*)
christopher.cogburn@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488 1200

John Han (admitted *pro hac vice*)
john.han@kobrekim.com
KOBRE & KIM
3 Garden Road
ICBC Tower, Unit 601
Central, Hong Kong SAR
Telephone: +852 2127 3291

*Attorneys for Petitioner*
*Shanghai Lan Cai Asset*
*Management Co, Ltd.*

---

PETITIONER'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE REPLY BRIEF

**TO THE HONORABLE COURT:**

Petitioner Shanghai Lan Cai Asset Management Co, Ltd. ("SLC") hereby applies, on an *ex parte* basis pursuant to Local Rule 7-19, for an order extending the time for SLC to file a reply brief in support of the Petition (Dkt. No. 1) by 21 days to April 1, 2019. This is SLC's first request for an extension of time in this case. As further explained in SLC's Memorandum in support of this application, good cause exists to grant the requested extension because SLC requires additional time to collect and arrange for the translation of Chinese documents necessary to address arguments raised in Respondent's Opposition (Dkt. No. 25, filed March 4, 2019).

Counsel for Respondent is: Daniel Scott Schecter (daniel.schecter@lw.com) and R. Peter Durning, Jr. (peter.durning@lw.com), of Latham & Watkins, LLP, 10250 Constellation Boulevard, Suite 1100, Los Angeles, California 90067, Telephone: (424) 653-5500. Counsel for SLC contacted counsel for Jia by e-mail prior to this filing, to ask whether Jia would stipulate to an extension of time for SLC to file its Reply. In response, Counsel for Respondent indicated that he will not consent to the time extension for the Reply but will consent to an extension of time for SLC to file "translated versions of Chinese documents … and would ask the court to wait until the record is supplemented with the translated versions before deeming the motion fully briefed."

Dated: March 7, 2019          KOBRE & KIM LLP


By:  */s/ Christopher Cogburn*

*Attorneys for Petitioner*
*Shanghai Lan Cai Asset Management Co, Ltd.*

1
PETITIONER'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE REPLY BRIEF

**MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION**

Petitioner Shanghai Lan Cai Asset Management Co, Ltd. ("**SLC**") respectfully requests that the deadline for it to file a reply memorandum (the "**Reply**") in support of the Petition (Dkt. No. 1) be extended by 21 days to April 1, 2019. This is SLC's first request for an extension of time in this case. Counsel for Respondent Jia Yueting ("**Jia**") has indicated that he will not consent to the time extension for the Reply but will consent to an extension of time for SLC to file "translated versions of Chinese documents … and would ask the court to wait until the record is supplemented with the translated versions before deeming the motion fully briefed."

On February 7, 2019, the Court approved a stipulated schedule for briefing on SLC's Petition to Confirm Arbitration Award (the "**Petition**," Dkt. No. 1) (Dkt. No. 24), which allowed Jia until March 4, 2019—more than two months after Jia filed a Waiver of Service—to oppose the Petition (Dkt. No. 14), but which preserved the seven-day period for SLC to file a Reply. Jia's memorandum in opposition, filed on March 4, 2019 (the "**Opposition**", Dkt. No. 25), fails to raise any defense to recognition of the Award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "**New York Convention**"). Instead, it argues that the Court should deny or delay confirmation because (1) SLC assigned the Award to a non-party, Taoyun Capital Group Co., Ltd. ("**Taoyun**"), which has not been joined to the proceedings; (2) Taoyun has discharged Jia's liability under the Award to offset unrelated debts owed to other companies controlled by Jia; and (3) other litigation pending in the People's Republic of China "will substantially impact the outcome" (Dkt. No. 25 at 2) of this proceeding.

These arguments are founded on factual misrepresentations and omissions. To explain these defects, SLC will need to collect, and may need to arrange for the

translation of, additional Chinese documents.  These documents will demonstrate that:

- SLC's purported "assignment" to Taoyun (1) contained an explicit carve-out for the arbitration claim and (2) in any event, was never perfected (and the same issue was raised before and rejected by the arbitral tribunal);
- the agreement with Taoyun that Jia says discharged the arbitration claim was made *before* the arbitration claim was purportedly even transferred to Taoyun; and
- the pending litigation in China is not a proceeding to set aside the Final Award—the time period for which expired long ago on July 22, 2018—and is therefore irrelevant to confirmation under the New York Convention.

To demonstrate these facts to the Court, SLC will need to present the Court with the documents pertaining to unrelated—and, until the filing of Jia's Opposition, unraised—transactions and proceedings in China.  Jia acknowledges that collecting and presenting the Court with these additional records is needed to respond to his arguments and, as a result, he consents to an extension of 21 days to allow SLC to do so.  But he insists that SLC file its Reply 21 days *before* the documents are collected and translated.  Because the very purpose of the Reply is to refer the Court to and explain these documents, Jia's proposal to extend only the time for supplemental evidence but not for SLC's Reply does not comport with common sense.  Nor would the proposed extension prejudice Jia's interests in any way because Jia agrees that the motion would not be deemed fully briefed until after the new evidence is filed.

SLC estimates that it needs about 14 additional days to collect and possibly obtain certified translations of documents from the Chinese proceedings and other Chinese records.  Out of an abundance of caution, to permit SLC time to assess the translations and incorporate them into its Reply, and to minimize the risk of burdening the Court for a second extension if SLC encounters delays in the

2

translation process, SLC respectfully requests an extension of 21 days to the current deadline for its Reply to April 1, 2019.

Dated: March 7, 2019                    KOBRE & KIM

                                        By:  ___/s/ Christopher Cogburn___
                                             Christopher Cogburn*
                                             christopher.cogburn@kobrekim.com
                                             *Admitted *pro hac vice*
                                             KOBRE & KIM LLP
                                             800 Third Avenue
                                             New York, New York 10022
                                             Telephone: (212) 488-1200

                                        *Attorneys for Petitioner*
                                        *Shanghai Lan Cai Asset*
                                        *Management Co, Ltd.*

3