JS-6                    UNITED STATES DISTRICT COURT                 Priority ___
                         CENTRAL DISTRICT OF CALIFORNIA              Send     ___
                                                                     Enter    ___
                              CIVIL MINUTES - GENERAL                Closed   ___
                                                                     JS-5/JS-6 ___
                                                                     Scan Only ___

CASE NO.:   CV 18-10255 SJO (MRWx)           DATE:  March 26, 2019

TITLE:      Shanghai Lan Cai Asset Management Co.,Ltd. v. Jia Yueting

========================================================================
PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

COUNSEL PRESENT FOR PETITIONER:               COUNSEL PRESENT FOR RESPONDENT:

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PETITIONER'S PETITION TO CONFIRM ARBITRATION AWARD** [Docket No. 1]

This matter is before the Court on Petitioner Shanghai Lan Cai Asset Management Co, Ltd.'s ("Petitioner" or "SLC") Petition to Confirm Arbitration Award ("Petition"), filed December 10, 2018. Respondent Jia Yueting ("Respondent" or "Jia") filed an opposition ("Opposition") on March 4, 2019, to which Petitioner filed a reply ("Reply") on March 11, 2019. The Court found this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** the Petition.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2018, Petitioner filed his Petition and alleged the following facts. (*See* Pet., ECF No. 1.)

Petitioner is a corporation organized under the laws of the People's Republic of China, with its principal place of business in Shanghai, China. (Pet. ¶ 4.) Respondent is a Chinese citizen who lives in California. (Pet. ¶ 4.)

On December 1, 2016, Petitioner, "acting as an agent of investor-users of Lacai.cn, an internet-based financing platform," entered into an agreement (the "Loan Contract") extending a ¥50 million loan to LeTV Sports Culture Develop (Beijing) Co. ("LeTV"). (Pet. ¶ 11; First Decl. of Jian Kang in Supp. of Pet. ("Kang Decl."), Ex. 2, ECF No. 1-4.) On the same day, Jia and LeTV Plus Holdings (Beijing) Limited (TVPlus) entered into an agreement assuming joint and several liability for any failure by LeTV to perform its obligations under the Loan Contract (the "Guarantee"). (Pet. ¶ 11; Kang Decl., Ex. 3, ECF No. 1-5.)

Pursuant to the Loan Contract, the ¥50 million was subject to a 7.5% annual interest rate and LeTV was to repay it in full at the end of a 12 months term on December 2, 2017. (Pet. ¶ 12.) LeTV was also obligated to settle outstanding interests on each of the five dates listed in the contract ("Interest Settlement Dates"). (Pet. ¶ 12.) LeTV only made the interest payments

Case 2:18-cv-10255-SJO-MRW Document 31 Filed 03/26/19 Page 2 of 6 Page ID #:480

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   CV 18-10255 SJO (MRWx)          DATE:  March 26, 2019

required on the first two Interest Settlement Dates and neither it nor either of its guarantors, Jia and TV Plus, has repaid the principal and all remaining interest.  (Pet. ¶¶ 14-26.)

After LeTV failed to make the interest payment due on June 15, 2017, SLC referred the matter to arbitration before the Beijing Arbitration Commission (the "Commission") in accordance with the terms of Loan Contract and the Guarantee, and on June 28, 2017, the Commission accepted SLC's request for arbitration against LeTV and its two loan guarantors, Jia and LeTV (collectively, "Arbitration Respondents").  (Pet. ¶ 17.)  On January 22, 2018, the Tribunal appointed by the Commission issued the Final Award.  The Tribunal found that LeTV was liable for defaulting on its obligations under the Loan Contract, and that "the Guarantee rendered Jia and TVPlus jointly and severally liable for the amounts awarded against LeTV." (Pet.  ¶¶ 18, 20-21.)

Pursuant to the Final Arbitration Award, Arbitration Respondents are obligated to pay Petitioner:

- ¥50 million, representing the principal disbursed to LeTV under the Loan Contract;
- principal interest at an annual rate of 7.5 percent to be calculated from March 15, 2017;
- post-default interest at an annual rate of 16.5 percent to be calculated from December 2, 2017;
- ¥507,028, representing SLC's arbitration costs; and
- ¥319,740, representing arbitration expenses disbursed by SLC to the Beijing Arbitration Commission

(Pet.  ¶ 23.)

The Tribunal ordered Arbitration Respondent to pay these amounts in full within 10 days from the date of service of the Award.  (Pet.  ¶ 24.)  To date, Arbitration Respondents have not made any payments to SLC.  (Pet. ¶ 24.)  At the time Petitioner brought the instant Petition, Respondents had not filed an application to set aside the Final Arbitration Award in China and the time for doing so had expired.  (Pet.  ¶ 26.)

On December 10, 2018, Petitioner filed the instant motion to confirm the Final Arbitration Award. On January 14, 2019, more than a month after Petitioner's motion, Respondent Jia Yueting filed a suit in Beijing Second Intermediate People's Court alleging that SLC transferred its rights to Taoyun Capital Group Co., Ltd. ("Taoyun")  through a Creditor's Rights Transfer Agreement ("CRTA") and the ¥50 million has been offset by equities transferred to an affiliate of Taoyun under an Equity Transfer Agreement ("ETA"). (Opposition 1, 5, ECF  25; Decl. of Shixin Liu in Supp. of Opposition ("Liu Decl.") ¶ 4, ECF 25-1.)  On January 23, 2019, Respondent filed a second suit in the Beijing Third Intermediate People's Court, "a 'non-enforcement' proceeding to require the court not to enforce the January 22, 2018 award. . . ."  (Liu Decl. ¶ 3; see Opposition 1, 5-6.) Respondent then filed his Opposition to SLC's Petition on March 4, 2019.

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** <u>CV 18-10255 SJO (MRWx)</u>　　　　　　**DATE:** <u>March 26, 2019</u>

II.　　**DISCUSSION**

Confirmation of an arbitration "is a summary proceeding that converts a final arbitration award into a judgment of the court."  *See Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.* (*Cubic Def.*), 665 F.3d 1091, 1094 & n.1 (9th Cir. 2011). Once an award is confirmed, it has the same force and effect as a judgment in a civil action, and may be enforced by any means available to enforce civil judgments.  *Id.*  The burden of proof in a proceeding to confirm an arbitration award is on the party defending against enforcement.  *See Empresa Constructora Contex Limitada v. Iseki*, 106 F.Supp.2d 1020, 1024 (S.D. Cal. 2000) (citing *Parsons & Whittemore Overseas Co., Inc. v. Societte Generale De L'Industrie du Papier*, 508 F.2d 969, 973 (2nd Cir. 1974)).

　　A.　　Jurisdiction Under New York Convention

"Confirmation of foreign arbitration awards is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, known as the New York Convention, and federal law implementing the Convention, 9 U.S.C. §§ 201–208." *Cubic Def.*, 665 F.3d at 1095.  The New York Convention is intended "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in signatory countries."  *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1120 (9th Cir. 2002) (citations omitted).

A foreign arbitration agreement or arbitral award "falls under" the New York Convention if it "aris[es] out of a legal relationship, whether contractual or not, which is considered as commercial" unless such relationship that is entirely between United States citizens. 9.U.S C. § 202. "Courts generally address four factors to determine whether to enforce an arbitration agreement under the Convention."  *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 654 (9th Cir. 2009) (citing *Bautista v. Star Cruises*, 396 F.3d 1289, 1294-95 (11th Cir. 2005); *Standard Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 449 n.13 (3d Cir. 2003)).  These four factors examine whether the suit to enforce the foreign arbitration involves:  (1) "an agreement in writing within the meaning of the Convention" that (2) "provides for arbitration in the territory of a signatory of the Convention" and (3) "arises out of a legal relationship, whether contractual or not, which is considered commercial," as well as whether (4) "a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign state." *Balen,* 583 F.3d at 65-55 (quoting *Bautista*, 396 F.3d at 1294 n.7) (internal quotation marks omitted); *see also* 9 U.S.C. § 202.

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 18-10255 SJO (MRWx)        **DATE:** March 26, 2019

Here, all four factors are met. First, the Loan Contract and the Guarantee, to which the Petitioner and Respondent are parties, are agreements in writing within the meaning of the Convention.[1] Second, both agreements provide for arbitration in Beijing (Kang Decl., Ex. 2 p.22; Kang Decl., Ex. 3 p.8.), a signatory to the Convention. *See Crescendo Maritime Co. V. Bank of Commc'n Co. Ltd.,* 15 Civ. 4481, 2016 WL 750351, at *8 (S.D.N.Y. 2016). Third, because the agreements provide that LeTV must repay Petitioner the principal amount of a loan with interest and that Respondent is one of LeTV's guarantors, the instant action arises out of a legal commercial relationship between Petitioner and Respondent. *See* 9 U.S.C.A. § 202 ("Commercial" "includ[es] a transaction, contract, or agreement described in section 2," namely "a contract evidencing a transaction involving commerce."). Finally, since Petitioner is a Chinese corporation with its principal place of business in Shanghai (Pet. ¶ 4.), Petitioner is not an American citizen.[2] Accordingly, the Final Arbitration Award fall under the Convention and the Court has jurisdiction over this matter pursuant to 9 U.S.C. § 203.[3]

        B.      <u>Confirmation of Final Arbitration Award Under New York Convention</u>

Within three years after an award falling under the New York Convention is made, "any party to the arbitration may apply to any court having jurisdiction . . . for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207. "Under the Convention, [a] district court's role in reviewing a foreign arbitral award is strictly limited." *Changzhou AMEC E. Tools & Equip. Co., Ltd. V. E. Tools & Equip., Inc.*, No. EDCV 11-00354, 2012 WL 3106620, at *14 (C.D. Cal. 2012) (quoting *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir.1997) (internal quotation marks omitted)). The court shall "confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified" in the Convention. 9 U.S.C. § 207. The seven grounds for refusing to confirm an award

---

[1] Article II of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards "provides: [t]he term agreement in writing shall include an arbitral clause in a contract . . . signed by the parties." *Glassrobots,* 333 F.3d at 449 (internal quotation marks omitted).

[2] Under the federal diversity statute, corporations are citizens of their state of incorporation and the state in which they have their principal place of business. 28 U.S.C. § 1332(c).

[3] 9 U.S.C. § 203 vests subject matter jurisdiction in the federal district courts over "an action or proceeding falling under the Convention," without regard to the amount in controversy. Venue is proper because the sole named defendant, Jia, resides within this District. (Pet. ¶ 4.); 9 U.S.C. § 204 (stating that venue is proper in a district court in which the action "could be brought").

| | | |
|---|---|---|
| MINUTES FORM 11<br>CIVIL GEN | Page 4 of 6 | ____ : ____<br>Initials of Preparer _____ |

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 18-10255 SJO (MRWx)          **DATE:** March 26, 2019

are set out in Article V of the Convention.[4]  *Cubic Def.*, 665 F.3d at 1094-96.  These defenses are construed narrowly and the party opposing recognition or enforcement bears the burden of establishing that a defense applies.  *See Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 836 (9th Cir. 2010).

---

[4] Article V states:

> 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, **only** if that party furnishes to the **competent authority** where the recognition and enforcement is sought, proof that:
>
>> (a) The parties to the agreement . . . were . . . , under some incapacity, or the said agreement is not valid . . . ; or
>>
>> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
>>
>> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration . . . ; or
>>
>> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties . . . ; or
>>
>> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.
>
> 2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:
>
>> (a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or
>>
>> (b) The recognition or enforcement of the award would be contrary to the public policy of that country.

New York Convention, Art. V (emphasis added).

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

**CASE NO.:** CV 18-10255 SJO (MRWx)         **DATE:** March 26, 2019

An arbitration award should thus "be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Hanson v. Jim Bohn Co., Inc.*, No. CV 08-01218, 2008 WL 11409131, at * 3 (C.D. Cal. 2008) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (internal quotations omitted)). "Courts are bound to defer to the conclusions of the arbitrator unless the arbitrator has manifestly disregarded the law." *Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1284 (9th Cir. 1982).

Here, the Petition alleges that: (1) Petitioner entered into the Loan Contract with LeTV, pursuant to which Petitioner provided LeTV with a ¥50 million loan, subject to repayment in 12 months and a 7.5% annual interest rate. (Pet. ¶ 12.; *see* Kang Decl., Ex. 1.); (2) the Guarantee provided that Respondent and TVPlus would be jointly and severally liable for non-performance by LeTV. (Pet. ¶ 11; Kang Decl., Ex. 3.); (3) LeTV, Respondent and TVPlus failed to meet their obligations under the Loan Contract and the Guarantee. (Pet. ¶¶ 14-26.); (4) Pursuant to the arbitration clauses in both agreements, Petitioner sought arbitration before the Beijing Arbitration Commission. (Pet. ¶ 17.); (5) the tribunal appointed by the Commission issued the Award holding LeTV, Respondent, and TVPlus liable (Pet. ¶¶ 18, 20-21.); and (6) Respondent failed to comply with the Award. (Pet. ¶ 24.) These allegations, and the accompanying documents in the Petition, are sufficient to provide "a ground for the arbitrator's decision . . . ." *Hanson*, 2008 WL 11409131, at * 3.

Respondent argues that the instant case cannot proceed unless Taoyun is joined as a party. Respondent alleges that on July 14, 2017, shortly after SLC initiated arbitration, SLC entered into an agreement with Taoyun which "assigned SLC's creditor's rights under the Loan [Contract] to Taoyun in exchange for Taoyun's payment to SLC of RMB 50 million." (Opposition 3.) Because SLC transferred away its rights to Taoyun, Respondent argues that "Taoyun is plainly an indispensable party within the meaning of the Federal Rules." (Opposition 7-10.) However, the Court lacks jurisdiction under the Convention to review this issue. Pursuant to the Convention, the Court must enforce the Award unless it finds one of the seven grounds for refusal or deferral specified in 9 U.S.C. § 207 has been met. None of the narrow exceptions listed in 9 U.S.C. § 207 applies here. Accordingly, the Court finds that the Tribunal acted within his authority in issuing the Final Arbitration Award. Because Respondent has failed to offer any evidence that would warrant a conclusion to the contrary, the Court **GRANTS** the Petition.

III.    RULING

For the foregoing reasons, the Court **GRANTS** the Petition.[5]

IT IS SO ORDERED.

---

[5] The Court recognizes that there may be appeals relating to this Award pending in the People's Republic of China. Despite these appeals, at the present time, the Award remains a final decision of an arbitral tribunal.