# **EXHIBIT 1**

**北京市康达律师事务所**
**BEIJING KANGDA LAW FIRM**

北京市朝阳区幸福二村 40 号楼 C 座 40-3,4—5 层
F4-5，C40-3 Building 40, XingFu ErCun,Chao Yang District, Beijing
邮编/Zip Code:100027 电话/Tel:86-010-50867666 传真/Fax:86-010-50867998
电子邮箱/E-mail： kangda@kangdalawyers.com

北京　天津　上海　深圳　广州　西安　沈阳　南京　杭州　海口　菏泽　成都　苏州

致：

美国高博金律师事务所

Kobre & Kim LLP

## 关于仲裁裁决书中加倍支付延期履行期间利息相关问题的法律意见

敬启者：

美国高博金律师事务所咨询本所律师有关北京仲裁委员会（2018）京仲裁字第0146号仲裁裁决书（下称"**仲裁裁决书**"）中裁决事项涉及的"加倍支付延迟履行期间利息"相关问题，本所律师已收悉，现就前述法律问题提出法律意见如下，供贵所参考。

### 一、基本事实

据美国高博金律师事务所律师介绍，仲裁裁决书中仲裁庭裁决被申请人乐视体育文化产业发展（北京）有限公司、乐视控股（北京）有限公司以及贾跃亭对申请人上海懒财资产管理有限公司，负有支付债务本息及其他费用的义务，同时该仲裁裁决书载明"上述被申请人应向申请人支付的款项，被申请人应于本裁决书送达之日起 10 日内支付完毕。逾期履行的，<u>按照《中华人民共和国民事诉讼法》的二百五十三条的规定，加倍支付延迟履行期间的债务利息</u>"。该仲裁裁决书目前已经在美国加利福尼亚州中区联邦法院被批准执行。

目前在该仲裁裁决书在美国执行程序中，被申请人贾跃亭提出，对于仲裁裁决书认定的"加倍支付延迟履行期间的债务利息"的计算应当按照法释（2014）8 号《最高人民法院关于执行程序中计算延迟履行期间的债务利息适用法律若干问题的解释》第一条第三款规定的"加倍部分债务利息的计算方法为：加倍部分债务利息=

1

债务人尚未清偿的生效法律文书确定的除一般债务利息之外的金钱债务×日万分之一点七五×延迟履行期间"作为计算依据,而不应简单以《中华人民共和国民事诉讼法》第二百五十三条的规定计算。

### 二、法律意见

本所律师认为,仲裁裁决书在美国执行程序中,被申请人贾跃亭提出的"加倍支付延迟履行期间债务利息"的计算方式所涉及的法律问题实质上是《最高人民法院关于执行程序中计算延迟履行期间的债务利息适用法律若干问题的解释》是否具有域外效力。

鉴于仲裁裁决书并非在中国(除港澳台地区外)的境内法院进入执行程序,而是在美国进入执行程序,因此该仲裁裁决书在美国的执行应属于中华人民共和国仲裁机构作出的发生效力的仲裁裁决申请外国司法机关承认及执行的情形,应依据《中华人民共和国民事诉讼法》有关司法协助章节所规定的条款予以处理。

第一,《中华人民共和国民事诉讼法》第四条明确规定:凡在中华人民共和国领域内进行民事诉讼,必须遵守本法。该条款对于《民事诉讼法》的空间效力规定的非常明确,即该法适用于"<u>中华人民共和国领域内</u>"。

第二,《中华人民共和国民事诉讼法》第二百五十三条规定"被执行人未按判决、裁定和其他法律文书指定的期间履行给付金钱义务的,应当加倍支付迟延履行期间的债务利息。"

第三,《最高人民法院关于执行程序中计算延迟履行期间的债务利息适用法律若干问题的解释》前言部分明确"为规范<u>执行程序中</u>延迟履行期间债务利息的计算,根据《中华人民共和国民事诉讼法》的规定,结合司法实践,制定本解释";该解释第一条中有关"加倍支付延迟履行期间债务利息"的规定也是根据《中华人民共和国民事诉讼法》第二百五十三条规定的内容制定,是针对该法律条款<u>在中华人民共和国境内执行程序中</u>适用的解释。

第四,《中华人民共和国民事诉讼法》第二十七章第二百八十条第二款规定:中华人民共和国涉外仲裁机构作出的发生法律效力的仲裁裁决,当事人请求执行的,如果被执行人或者其财产不在中华人民共和国领域内,应当由当事人直接向有管辖权的外国法院申请承认和执行。

根据前述法律具体条款规定,本所律师认为,鉴于《最高人民法院关于执行程



2

序中计算延迟履行期间的债务利息适用法律若干问题的解释》是对《中华人民共和国民事诉讼法》第二百五十三条的解释，且明确系为了规范执行程序所制定，而<u>《中华人民共和国民事诉讼法》首先仅适用于中华人民共和国领域内，故前述司法解释也仅能适用于中华人民共和国领域内的执行程序。</u>对于仲裁裁决书在美国法院的承认和执行应依据《中华人民共和国民事诉讼法》第二百八十条的规定进行原则处理，其在美国的执行程序所依据的法律及程序应以当地有管辖权的法院的规定为准。

本法律意见仅依据截止目前为止美国高博金律师事务所的介绍及仲裁裁决书的内容出具。如本法律意见所涉事宜尚有未被披露或本所律师尚未掌握的其他事实及情况，则本法律意见相关内容不适用于其他未涉事宜。若本法律意见所涉事宜出现新的事实情况及其他进展，则本所律师将根据新的情况及进展提供进一步的法律意见。

北京市康达律师事务所
高级合伙人律师：沈蓓蓓



二零一九年五月十日

3

# BEIJING KANGDA LAW FIRM

F4-5, C40-3 Building 40, XingFu ErCun, Chao Yang District, Beijing
Zip Code: 100027  Tel: 86-101-50867666 Fax: 86-010-50867998
E-mail: kangda@kangdalawyers.com

Beijing Tianjin Shanghai Shenzhen Guangzhou Xian Shenyang Nanjing Hangzhou Haikou Heze Chengdu Suzhou

---

To:

Kobre & Kim LLP

### LEGAL OPINION ON THE ISSUES RELATED TO DOUBLE PAYMENT OF INTEREST FOR THE PERIOD OF DELAYED PERFORMANCE ARISING OUT OF AN ARBITRATION AWARD

To whom it may concern:

Our lawyers have received inquiry from Kobre & Kim LLP on the issues related to an arbitral award made by Beijing Arbitration Commission with No. (2018) Jing Zhong Cai Zi 0146 (hereinafter referred as the "**Arbitration Award**") concerning "double payment of interest for the period of delayed performance". Our lawyers have given the following legal opinions on the aforementioned legal issues for your reference.

### 1. Basic Facts

According to the introduction of lawyer from Kobre & Kim LLP, the arbitral tribunal in the Arbitration Award ruled that the Respondents, LeTV Sports Culture Industry Development (Beijing) Co., Ltd., LeEco Holdings (Beijing) Co., Ltd. and Jia Yueting, were obliged to pay the principal, interest thereof and other expenses to the Claimant Shanghai Lan Cai Asset Management Co., Ltd. At the same time, the Arbitration Award specified that "the above amounts payable by the Respondents to the Claimant shall be paid in full within 10 days from the date of service of this Award. Overdue performance will, **in accordance with the provision of Article 253 of the Civil Procedure Law of the People's Republic of China, render in double payment of the interest on the debts for the period of delayed performance**." The Arbitration Award has now been recognized for enforcement in the United States District Court for the Central District of California.

At present, in the enforcement procedure of the Arbitration Award in the United States, the Respondent Jia Yueting alleged that the calculation of " double payment of the interest on debts for the period of delayed performance" in the Arbitration Award should be calculated in accordance with the Fa Shi (2014) No. 8 "Interpretation of the Supreme People's Court on Several Issues Concerning the Application of Law in the Calculation of Interest on Debt During the Delay in Performance of Enforcement Procedures" as stipulated in Article 1, Paragraph 3. The calculation method is as follows: Doubled part of the debt interest = Monetary debts other than interest on general debts determined by the debtor's outstanding legal instruments in force x

0.000175 per day x Deferred performance period" as a basis for calculation, and should not be simply calculated in accordance with the provisions of Article 253 of the Civil Procedure Law of the People's Republic of China.

2. **Legal Opinion**

In our opinion, the legal issue of the calculation of "double payment of the interest on debts for the period of delayed performance " raised by the respondent Jia Yueting in the enforcement procedure of the Arbitration Award in the United States is essentially whether the "Interpretation of the Supreme People's Court on Several Issues Concerning the Application of Law in the Calculation of Interest on Debt During the Delay in Performance of Enforcement Procedures" has extraterritorial effect.

Given that the Arbitration Award is not entered into the enforcement procedure in China (except for Hong Kong, Macao and Taiwan), but in the United States, the enforcement of the Arbitration Award in the United States falls within the situation where an arbitral award made in the People's Republic of China are being applied for recognition and enforcement to a foreign judicial body. Hence, provisions of the Judicial Assistance Section of the Civil Procedure Law of the People's Republic of China should apply.

Firstly, Article 4 of the Civil Procedure Law of the People's Republic of China clearly stipulates that anyone who conducts civil proceedings in the territory of the People's Republic of China shall abide by this Law. This provision is very clear on the space effect of the Civil Procedure Law, that is, the law applies "within the territory of the People's Republic of China".

Secondly, Article 253 of the Civil Procedure Law of the People's Republic of China stipulates that "if the person subject to execution fails to fulfill his obligation to pay during the period specified by a judgment, order or other judicial document, he shall pay the doubled interest on the debt during the period of delayed performance."

Thirdly, the preamble of the Interpretation of the Supreme People's Court on Several Issues Concerning the Application of Law in the Calculation of Interest on Debt During the Delay in Performance of Enforcement Procedures clearly states that " in order to standardize the calculation of the interest on debt during the period of delayed performance in execution procedures, this Interpretation is formulated in accordance with the provisions of the Civil Procedure Law of the People's Republic of China and the judicial practice". Provisions in Article 1 of the interpretation concerning "double interest during the period of delayed performance in enforcement procedures" are also formulated in accordance with the provisions of Article 253 of the Civil Procedure Law of the People's Republic of China, which is an interpretation of the application of such provisions of the law in the execution procedure in the territory of the People's Republic of China.

Fourthly, paragraph 2 of Article 280 (Chapter 27) of the Civil Procedure Law of the People's Republic of China stipulates that if a party requests execution of an Arbitration Award made by a foreign-related arbitration institution of the People's Republic of China, if the person being executed or his property is not within the territory of the People's Republic of China, the party concerned shall directly apply to a foreign court with jurisdiction for recognition and enforcement.

According to the specific provisions of the aforementioned law, we believe that the Interpretation of the Supreme People's Court on Several Issues Concerning the Application of Law in the Calculation of Interest on Debt During the Delay in Performance of Enforcement Procedures is an interpretation of Article 253 of the Civil Procedure Law of the People's Republic of China and is clearly formulated to standardize the execution procedures. <u>While the People's Republic of China Civil Procedure Law is only applicable in the territory of the People's Republic of China, so the aforementioned judicial interpretation can only be applied to the execution procedures in the territory of the People's Republic of China.</u> The recognition and enforcement of the Arbitration Award shall be handled in accordance with the provisions of Article 280 of the Civil Procedure Law of the People's Republic of China. The law and procedure on which the enforcement procedures in the United States shall be subject to the regulations of the local jurisdiction.

This legal opinion is only based on the introduction of Kobre & Kim LLP and the contents of the Arbitration Award as of the present date. If the matters involved in this legal opinion are not disclosed or other facts and circumstances that the lawyers of the firm have not yet grasped, the relevant contents of this legal opinion shall not apply to other non-related matters. If there are new facts and other developments in the matters involved in this legal opinion, our lawyers will provide further legal advice based on the new situation and progress.

[Stamp]

**Beijing Kangda Law Firm**

Senior Partner: Shen Beibei

[Signature]

Date: 2019-05-10

# CERTIFICATION

I, Yujuan Li, a litigation assistant of Kobre & Kim LLP based in Shanghai, am fluent in both English and Chinese. I have translated the above legal opinion from Chinese into English. I confirm that the English translation annexed hereto is in my best knowledge and belief the full accurate translation of the source material.

*Li Yujuan*

Name: Yujuan Li

Date: 10 May 2019