Bethany Stevens (SBN 245672)
bstevens@wscllp.com
Amanda Walker (SBN 252380)
awalker@wscllp.com
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone: (213) 712-9145
Fax: (213) 403-4906

Michael Ng (SBN 237915)
michael.ng@kobrekim.com
Daniel Zaheer (SBN 237118)
daniel.zaheer@kobrekim.com
KOBRE & KIM LLP
150 California Street, 19th Floor
San Francisco, California 94111
Telephone: (415) 582-4800

(Additional Counsel on next page)

*Attorneys for Judgment Creditor*
*Shanghai Lan Cai Asset*
*Management Co, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.,**<br><br>Petitioner,<br><br>v.<br><br>**JIA YUETING**,<br><br>Respondent. | Case No. 2:18-cv-10255-SJO-MRW<br><br>**JUDGMENT CREDITOR'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; MEMORANDUM IN SUPPORT**<br><br>Hon. S. James Otero |

1

2    Christopher Cogburn (admitted *pro hac vice*)
     christopher.cogburn@kobrekim.com
3    KOBRE & KIM LLP
     800 Third Avenue
4    New York, New York 10022
     Telephone: (212) 488 1200
5
     John Han (admitted *pro hac vice*)
6    john.han@kobrekim.com
     KOBRE & KIM
7    3 Garden Road
     ICBC Tower, Unit 601
8    Central, Hong Kong SAR
     Telephone: +852 2127 3291
9
     *Attorneys for Judgment Creditor*
10   *Shanghai Lan Cai Asset*
     *Management Co, Ltd.*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT CREDITOR'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

**TO THE HONORABLE COURT:**

Judgment Creditor Shanghai Lan Cai Asset Management Co, Ltd. ("SLC") hereby applies, on an *ex parte* basis pursuant to Local Rule 7-19, for a temporary restraining order to prevent Judgement Debtor Jia Yueting from taking any step to transfer, conceal, reduce, encumber, or otherwise make unavailable — either personally or through instructions to another — his beneficial interest in Faraday & Future Inc., pending a ruling on SLC's Motion for Injunction (Dkt. No. 55) currently before the Court. As described fully in the accompanying Memorandum, good cause exists to grant the expedited requested relief because SLC has learned that Jia intends to announce on September 3, 2019, the divestiture of his shareholding in Faraday & Future Inc. and to resign as CEO, thus significantly diminishing SLC's ability to reach such assets in its efforts to execute the multi-million dollar judgment entered against Jia by this Court.

As described in greater detail in the concurrently filed Request to Excuse Service of this *Ex Parte* Application, the Judgment Debtor is currently represented *pro se* in this action. Prior to this filing, counsel for SLC contacted by e-mail Jia's prior counsel of record (Daniel Schecter, Peter Durning, and Michael Hale of Latham & Watkins), Jia's prospective counsel of record, and Mr. Jia (at the e-mail address he provided to the Court in the Order on Latham & Watkins' request to withdraw, Dkt. No. 69, 70), to advise them of the date and substance of SLC's proposed application. (*See* Declaration of Christopher Cogburn ("Cogburn Decl.") at ¶ 16). As of the time of filing, only Jia's prospective counsel of record has responded and has indicated that he does not concur with the filing.

//

//

//

1    This *Ex Parte Application* is based upon this Application, the supporting
2    Memorandum of Points and Authorities, the Request for Service of *Ex Parte*
3    *Application* to be Excused, and the Declaration of Christopher Cogburn, as well as
4    all records and pleadings on file with the Court in this action and on such further
5    evidence and argument as may be presented at or before the time of hearing.

7    Dated: August 29, 2019         KOBRE & KIM LLP

9                                   By: */s/ Christopher Cogburn*
                                        Christopher Cogburn

11                                  *Attorneys for Judgment Creditor*
                                    *Shanghai Lan Cai Asset Management Co, Ltd.*

## MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION

Judgment Creditor Shanghai Lan Cai Asset Management Co, Ltd. ("SLC") hereby applies, on an *ex parte* basis pursuant to Local Rule 7-19, for a temporary restraining order to prevent Judgement Debtor Jia Yueting from taking any step to transfer, conceal, reduce, encumber, or otherwise make unavailable — either personally or through instructions to another — his beneficial interest in Faraday & Future Inc., pending a ruling on SLC's Motion for Injunction (Dkt. No. 55) currently before the Court. As described fully in the accompanying Memorandum, good cause exists to grant the expedited requested relief because SLC has learned that Jia intends to announce on September 3, 2019, the divestiture of his shareholding in Faraday & Future Inc. and to resign as CEO. Such a divestiture would irreparably harm SLC by diminishing its ability to reach Jia's ownership interest in Faraday & Future Inc. — among Jia's most valuable assets — in SLC's efforts to execute the multi-million dollar judgment entered against Jia by this Court. For this reason, and as further described in this Memorandum, the Court should grant SLC a temporary restraining order.

## I.      BACKGROUND

Petitioner Shanghai Lan Cai Asset Management Co, Ltd. ("SLC"), brought this action against Jia Yueting to confirm an arbitration award (the "Final Award") issued over a year ago by a panel of arbitrators seated in China. (Dkt. Nos. 1, 1-1.) At the same time, SLC applied a temporary restraining order to prevent Jia from disposing of California assets of which he is the ultimate beneficial owner. (Dkt. No. 5.) On December 13, 2018, the Court granted SLC's application and entered a temporary restraining order freezing certain of Jia's assets in this jurisdiction, including without limitation Jia's 33-percent stake in the equity of Faraday & Future Inc. (a California corporation), pending a ruling on SLC's petition to confirm the Final Award. (Dkt. No. 11.)

On March 26, 2019, the Court granted SLC's petition to confirm the Final Award (Dkt. No. 31), and, on April 7, 2019, entered final judgment against Jia in the amount of RMB 83,337,726.91 plus post-judgment interest. (Dkt. No. 35, as clarified by Dkt. No. 36). As of the date of this filing, Jia has not paid any of the final judgment amount, nor has he posted a supersedeas bond to stay execution of the judgment.

On July 24, 2019, the Clerk issued a Writ of Execution to enforce the final judgment (Dkt. No. 54). Thereafter, on August 1, 2019, SLC filed a Motion for Injunction pending enforcement of the judgment (Dkt. No. 55, the "Injunction Motion"), seeking to continue the protections previously afforded by this Court in its December 13, 2018, temporary restraining order. The Injunction Motion is fully briefed and, on August 22, 2019, the Court vacated the hearing (Dkt. No. 66), rendering it ripe for decision.

At this time, there is no protection from the Court preventing Jia from disposing of his California assets that may be used to satisfy the judgment, notwithstanding that Jia has engaged in various acts that flout his obligations under the judgment and demonstrate the necessity of such Court protection. These acts include the following:

- Jia failed to appear for an agreed-upon deposition on August 14, 2019, cancelling the deposition less than 24-hours before it was set to begin and after SLC attorneys were in-flight from Hong Kong to Los Angeles to conduct the deposition (Cogburn Decl. at ¶ 10);

- Jia's failure to participate in informal post-judgment asset discovery forced SLC to seek and obtain an order requiring Jia to appear for a debtor examination before Magistrate Judge Wilner (Dkt. No. 63, the "Order to Appear");

- Jia relieved his counsel of record (Latham & Watkins) (*see* Dkt. Nos. 69, 70), prevented such counsel from accepting service of the

Order to Appear, and has delayed in having new counsel appear in this case (opting instead to appear *pro se*) (Cogburn Decl. at ¶¶ 13, 14);

- Jia has, to date, evaded personal service of the Order to Appear. (*Id*. at ¶ 12; *see also, generally,* SLC's Request to Excuse Service of *Ex Parte* Application, filed concurrently herewith.)

Furthermore, SLC has previously briefed the Court on other facts that demonstrate why the relief requested here is needed. To show the necessity of the temporary restraining order sought at the outset of this case, as well as to support the Injunction Motion, SLC demonstrated that Jia is a chronic judgment debtor whose personal liabilities stretch well into the hundreds of millions of dollars — namely, (1) Jia is subject to another petition to confirm an arbitration award before this Court, in which the petitioner seeks to enforce an award of over $100 million (*see Shanghai Qichengyueming Investment Partnership Enterprise v. Jia Yueting*, No. 2:18-cv-7723-SJO (C.D. Cal.); and (ii) Jia has personal indebtedness in China believed to exceed $500 million, causing him to be included on the Chinese government's "Discredited Persons" list used to track and enforce consumption restrictions on the country's worst debt defaulters. (Dkt. Nos. 5-3, 5-4.)

SLC also demonstrated Jia's beneficial ownership of a 33% interest in Faraday & Future Inc., a California corporation. Faraday & Future Inc. is a corporation owned by a Cayman Islands-registered joint venture named Smart King Ltd. ("Smart King"), in which Jia has a 33-percent interest. (Dkt No. 5-4, ¶ 3, Ex. 3 at ¶ 47.) That 33-percent interest is controlled by Jia through a pair of shell entities incorporated in the British Virgin Islands: FF Peak Holding Limited and FF Top Holding Limited (together, the "BVI Shells"). (*Id*. ¶¶ 47, 57.) The BVI Shells, in turn, are held by an acquaintance of Jia's named Lian Bossert. (*Id*. ¶ 59.) But evidence adduced in an arbitration proceeding between Smart King and one of Jia's joint-venture partners demonstrates that, notwithstanding the multilayered ownership structure and Jia's transfer to Bossert of *custody* over his interest in the

3

BVI Shells, Jia has retained *beneficial ownership* of his 33-percent interest in Smart King and, in turn, of his 33% interest in Faraday & Future Inc. (*Id.* ¶¶ 100–02.)

On August 27, 2019, various news sources reported that, as part Faraday & Future Inc.'s restructuring plan, Jia would be stepping down as the CEO and setting up a debt repayment trust fund to repay his creditors. (*See* Fred Lambert, *Faraday Future CEO is finally stepping down, reportedly in restructuring into partnership*, electrek (Aug. 27, 2019), https://electrek.co/2019/08/27/faraday-future-ceo-stepping-down-restructuring-partnership/ (attached to the Declaration of Christopher Cogburn as Exhibit 1); *see also* AJ Cortese, *Faraday Future Rumored to Restructure, CEO to Step Down*, pandaily, https://pandaily.com/faraday-future-to-restructure-ceo-to-step-down/ ("FF's risk-taking CEO and founder is attempting to rectify both his personal debt and the company's debt by setting up a trust fund to repay his creditors.") (attached to the Declaration of Christopher Cogburn as Exhibit 2).) According to these sources, Jia intends to sell his shares of Faraday & Future Inc. to finance the trust. (*See* Cortese, *supra* ("The fund will be financed with Jia's shares of FF which, following a future IPO, should net him and the company the funds needed to repay the mountains of debt.").)

On August 29, 2019, Faraday & Future Inc. issued a statement in response to these reports. (*See Statement on Recent News of Faraday Future's Restructuring Plan and CEO Resignation*, Faraday Future, https://pandaily.com/faraday-future-to-restructure-ceo-to-step-down/ (Aug. 29, 2019) (attached to the Declaration of Christopher Cogburn as Exhibit 3).) Tellingly, the statement did not deny the reports of Jia's resignation or his plan to divest his interest in Faraday & Future Inc. *See id*. The statement did, however, indicate that Jia "has made it a priority to repay [his remaining debts] as quickly as he can" and that "[t]he establishment of the debt repayment trust hopes to provide a thorough solution to this issue as soon as possible." *Id.* The statement further indicates that Faraday & Future Inc. plans to "make a major announcement" on September 3, 2019. *Id.*

These sources reveal that on September 3, 2019, Faraday & Future Inc. is likely to announce that Jia is no longer CEO or 33-percent owner. While the purported purpose of this divestment is to repay the enormous outstanding debts of Jia and Faraday & Future Inc., the anticipated sale of Jia's shares in Faraday & Future Inc. will significantly diminish SLC's ability to reach such assets in its efforts to execute the multi-million dollar judgment entered against Jia by this Court.

## II. THE COURT SHOULD TEMPORARILY RESTRAIN THE DISSIPATION OF JIA'S BENEFICIAL OWNERSHIP INTEREST IN FARADAY & FUTURE INC.

SLC requests that the Court issue a temporary restraining order to prevent and enjoin the announced dissipation of Jia's beneficial interest in Faraday & Future Inc., and/or any steps by Jia (on his own or through an agent) to transfer, conceal, reduce, encumber, or otherwise make unavailable such interest, pending a ruling on SLC's Motion for Injunction.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction — that is, a plaintiff must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008) (stating elements of preliminary injunction); *see also Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) (applying same standard to a request for a temporary restraining order). SLC satisfies each of these requirements.

*First*, SLC has already succeeded on the merits of its Petition to confirm the Final Award against Jia, and is likely to succeed on the merits of its Injunction Motion, as well. Indeed, the Injunction Motion merely seeks a continuation, post-judgment, of relief already deemed necessary and appropriate by this Court in its December 13, 2018, Order. In that Order, the Court entered a temporary restraining order "freezing certain of [Jia's] assets in this jurisdiction," noted Jia's "record of

poor debt repayments," and concluded that, "[a]bsent the TRO, there is a strong possibility that [Jia] will seek to move" the restrained property to "avoid the judgment of this Court." (Dkt. No. 11 at 1, 4.) The only changes in fact and circumstance since that Order are that: (i) the Court granted SLC's Petition to confirm the Final Award against Jia, rendering SLC's success on that petition definitive, rather than "very likely;" and (ii) Jia has taken additional steps to evidence his intent to avoid his payment obligations to SLC. Indeed, Jia has stepped up his efforts to avoid enforcement of the judgment against him since the filing of the Injunction Motion — he failed to appear for an agreed-upon deposition on August 14, 2019, and forced SLC to seek and obtain an order requiring Jia to appear for a debtor examination before Magistrate Judge Wilner (Dkt. No. 63, the "Order to Appear"); he relieved his counsel of record and prevented such counsel from accepting service of the Order to Appear; he has, to date, evaded personal service of the Order to Appear; and finally and most tellingly, he has announced a restructuring plan for Faraday & Future, Inc. that would dissipate his ownership interest in the company in a manner that would clearly violate the order sought by SLC via the Injunction Motion.

*Second*, SLC will be irreparably harmed in the absence of a TRO. In its December 13, 2018, Order the Court found that SLC "made the threshold showing necessary to show irreparable harm in the absence of preliminary injunctive relief," noting that "Jia's record of paying creditors is poor at best." (Dkt. No. 11 at 4, citing *Bd. of Trustees of Laborers Health and Welfare Trust Fund for N. Cal. v. CEM Builders, Inc.*, No. 518CV00685EJD, 2018 WL 1071171 (N.D. Cal. Feb. 27, 2018) (finding irreparable harm in part because of "Defendant's continued and longstanding failure to pay its debts owed to Plaintiffs").) The likelihood of irreparable harm is even greater and more immediate here in view of the anticipated announcement on September 3, 2019, that Jia plans to divest his interest in Faraday & Future Inc. Once the planned divestiture is consummated, one of Jia's most

6

significant assets — his 33% interest in the company — will be even further out of SLC's reach. Further, to the extent SLC prevails on its Injunction Motion, the reach and effectiveness of the order on such motion will be significantly and irredeemably diminished.

*Third*, the balance of equities tips in favor of SLC because, as stated by the Court in its December 13, 2018, Order: "Although [Jia] has a strong property interest in the [property subject of the TRO request], his record of poor debt repayments militates in favor of holding that this Court should issue a TRO. Absent the TRO, there is a strong possibility that [Jia] will seek to move the [property] and avoid the judgment of this Court." (Dkt. No. 11 at 4.) The same holds true today with one critical difference — in view of the announcement regarding the Faraday & Future Inc. restructuring, it is certain and imminent (rather than "a strong possibility") that Jia will move his interest in the company to avoid enforcement of this Court's judgment.

*Finally*, the public interest factor is neutral, as it was when the Court issued its December 13, 2018, Order. There, the Court found: "[T] he TRO would only impact [SLC] and [Jia's] interests and does not extend to non-parties. Therefore, this factor is neutral." (Dkt. No. 11 at 4.) This remains unchanged, and the same conclusion should follow.

//

//

//

MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION

1

## III.    CONCLUSION

2          For the foregoing reasons, SLC respectfully requests that the Court enter a

3    temporary protective order to prevent Jia from dissipating his beneficial interest in

4    Faraday & Future Inc., pending a ruling on SLC's Motion for Injunction.

5

6    Dated: August 29, 2019                    KOBRE & KIM LLP

7

8                                              By:  ___/s/ Christopher Cogburn_____
                                                    Christopher Cogburn

9

10                                             *Attorneys for Judgment Creditor*
                                               *Shanghai Lan Cai Asset*
11                                             *Management Co, Ltd.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28