Bethany Stevens (SBN 245672)
bstevens@wscllp.com
Amanda Walker (SBN 252380)
awalker@wscllp.com
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone: (213) 712-9145
Fax: (213) 403-4906

Michael Ng (SBN 237915)
michael.ng@kobrekim.com
Daniel Zaheer (SBN 237118)
daniel.zaheer@kobrekim.com
KOBRE & KIM LLP
150 California Street, 19th Floor
San Francisco, California 94111
Telephone: (415) 582-4800

(Additional Counsel on next page)

*Attorneys for Judgment Creditor
Shanghai Lan Cai Asset
Management Co, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.**, <br><br> Petitioner, <br><br> v. <br><br> **JIA YUETING**, <br><br> Respondent. | Case No. 2:18-cv-10255-SJO-MRW <br><br> **JUDGMENT CREDITOR'S REQUEST TO EXCUSE SERVICE OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** <br><br> Hon. S. James Otero |

Christopher Cogburn (admitted *pro hac vice*)
christopher.cogburn@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488 1200

John Han (admitted *pro hac vice*)
john.han@kobrekim.com
KOBRE & KIM
3 Garden Road
ICBC Tower, Unit 601
Central, Hong Kong SAR
Telephone: +852 2127 3291

*Attorneys for Judgment Creditor Shanghai Lan Cai Asset Management Co, Ltd.*

---

REQUEST TO EXCUSE SERVICE OF *EX PARTE* APPLICATION

Pursuant to Fed. R. Civ. P. 65(b), Civil Local Rules 7-19 and 65, and Paragraph 13 of this Court's Standing Order, Judgment Creditor Shanghai Lan Cai Asset Management Co, Ltd. ("SLC") hereby requests that the Court excuse service of the *ex parte* application for a temporary restraining order filed concurrently with this request. Good cause exists to excuse service for the reasons set forth below and in the supporting Declaration of Christopher Cogburn.

I. **Judgment Debtor Jia Yueting has or will receive actual notice of SLC's *Ex Parte* Application.**

On Wednesday, August 29, the Court granted a motion to withdraw filed by prior counsel for Judgment Creditor Jia Yueting; as of this filing, Jia is proceeding *pro se*. (*See* Dkt. Nos. 69–70.) One day earlier, William Pao of O'Melveny & Myers LLP contacted counsel for SLC to advise that Jia is in the process of retaining his firm to represent him in this dispute. (Cogburn Decl. ¶ 14.) To ensure that Jia has actual notice of the underlying application for a temporary restraining order, prior to the filing of its *ex parte* application, counsel for SLC contacted by e-mail Jia's prior counsel of record (Daniel Schecter, Peter Durning, and Michael Hale of Latham & Watkins), Jia's prospective counsel of record (Mr. Pao), and Mr. Jia (at the e-mail address he provided to the Court in the Order on Latham & Watkins' request to withdraw, Dkt. No. 69, 70), to advise them of the date and substance of SLC's proposed application. (*Id.* ¶ 16; Dkt. No. 70.) In light of Mr. Pao's representation that Jia is in the process of retaining his law firm, and out of an abundance of caution as to the prohibition against communicating with represented parties imposed by Rule 4.2 of the California Rules of Professional Conduct and similar rules in other jurisdictions, counsel for SLC has not otherwise contacted Jia directly. In addition, counsel for SLC served a courtesy copy of the *Ex Parte* Application on Messrs. Schecter, Durning, and Hale of Latham & Watkins, on Mr. Pao of O'Melveny & Myers. (Cogburn Decl. ¶ 16.) Therefore, Jia cannot reasonably argue that he lacks actual notice of SLC's *ex parte* application.

## II. SLC's prior attempts to effect conventional personal service on Mr. Jia have been uniformly unsuccessful.

Given the urgency of SLC's *ex parte* application, the only method of direct service on Jia that would permit timely relief is personal service. But SLC's prior attempts to personally serve Jia have been uniformly unsuccessful.

This case began on December 10, 2018, when SLC filed its Petition to Confirm Arbitration Award (the "Petition"; Dkt. No. 1) and several supporting documents. Consistent with Federal Rule of Civil Procedure 4, a process server retained by SLC made four attempts over a span of three days to personally serve Jia with copies of the summons, the Petition, and all supporting papers. The process server made multiple attempts at Jia's home and place of business—both of which are gated—and was in each case denied access and thus failed to effect service. (Cogburn Decl. ¶ 8.) Jia only appeared in the case after his prior counsel of record, Latham & Watkins LLP ("Latham"), contacted counsel for SLC several days later and agreed to accept service. (*Id.* ¶ 9.)

This pattern has repeated itself far more recently. Since the Court entered final judgment on April 7, 2019, SLC has taken several steps to enforce the judgment. Among other things, SLC obtained an order on August 21 requiring Jia to appear for a debtor examination on September 11 (the "Examination Order"; Dkt. No. 63). Because Section 708.110 of the California Code of Civil Procedure requires personal service of such an order, counsel for SLC again engaged a process server to attempt service of the Examination Order. (Cogburn Decl. ¶ 12.) As before, the process server made six unsuccessful attempts at service, four at Jia's home address and two at his business address—which, notably, is designated as Jia's service address on the order granting Latham's motion to withdraw. (*Id.*; Dkt. No. 70.)

On August 23, counsel for SLC contacted Latham to inquire whether Latham would accept service on Jia's behalf. (Cogburn Decl. ¶ 12.) Latham filed its motion

2
REQUEST TO EXCUSE SERVICE OF *EX PARTE* APPLICATION

to withdraw on August 26 and, the next day, informed counsel for SLC that they had conferred with Jia about accepting service of the Examination Order and were denied authority to do so. (*Id.* ¶ 13.)

### III. If conventional personal service is required, the relief requested in the TRO Application will likely be rendered ineffective.

Good cause exists to excuse service of the TRO Application. SLC has diligently attempted to ensure Jia has actual notice of the TRO Application by providing both Latham and his incoming counsel ("O'Melveny") with copies by e-mail, as well as mailing a copy to the service address listed on the withdrawal order. (Cogburn Decl. ¶ 16.) Given the lack of success SLC has had effecting personal service of previous documents, it is virtually certain that SLC will be unable to complete service until after September 2, when the transaction detailed in the TRO Application is scheduled to occur. If the transaction is completed, the restraint sought by the TRO will be ineffective.

Dated: August 29, 2019

KOBRE & KIM LLP

By: /s/ Christopher S. Cogburn

*Attorneys for Petitioner
Shanghai Lan Cai Asset
Management Co., Ltd.*