Bethany Stevens (SBN 245672)
bstevens@wscllp.com
Amanda Walker (SBN 252380)
awalker@wscllp.com
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone: (213) 712-9145
Fax: (213) 403-4906

Michael Ng (SBN 237915)
michael.ng@kobrekim.com
Daniel Zaheer (SBN 237118)
daniel.zaheer@kobrekim.com
KOBRE & KIM LLP
150 California Street, 19th Floor
San Francisco, California 94111
Telephone: (415) 582-4800

(Additional Counsel on next page)

*Attorneys for Judgment Creditor*
*Shanghai Lan Cai Asset*
*Management Co, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.**, <br><br> Petitioner, <br><br> v. <br><br> **JIA YUETING**, <br><br> Respondent. | Case No. 2:18-cv-10255-SJO-MRW <br><br> **DECLARATION OF CHRISTOPHER COGBURN IN SUPPORT OF JUDGMENT CREDITOR'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST TO EXCUSE SERVICE OF SAME** <br><br> Hon. S. James Otero |

---

DECLARATION OF CHRISTOPHER COGBURN

Christopher Cogburn (admitted *pro hac vice*)
christopher.cogburn@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488 1200

John Han (admitted *pro hac vice*)
john.han@kobrekim.com
KOBRE & KIM
3 Garden Road
ICBC Tower, Unit 601
Central, Hong Kong SAR
Telephone: +852 2127 3291

*Attorneys for Judgment Creditor
Shanghai Lan Cai Asset
Management Co, Ltd.*

---

DECLARATION OF CHRISTOPHER COGBURN

I, Christopher S. Cogburn, hereby declare under penalty of perjury that the following is true and correct:

1.  I am an attorney with the law firm Kobre & Kim LLP and am admitted to practice before this Court *pro hac vice* as counsel for Judgment Creditor Shanghai Lan Cai Asset Management Co, Ltd. ("SLC").  (Dkt. No. 13.)  I submit this declaration in support of SLC's *Ex Parte* Application for a Temporary Restraining Order (the "TRO Application") and SLC's Request to Excuse Service of the TRO Application, both of which are filed concurrently with this Declaration.

## Facts Relevant to TRO Application

2.  On Tuesday, August 27, 2019, news outlets reported that Faraday & Future Inc. ("Faraday")—an electric-car company that Mr. Jia founded and in which he retains a 33-percent interest—was restructuring its ownership. As part of that restructuring, Faraday announced that Jia would resign as CEO and would divest his ownership interest in Faraday, which will then allegedly be used to finance "a trust fund to repay his creditors."

3.  These media reports also indicate that Jia plans to transfer his Faraday interest as soon as possible. A statement released by Faraday touts its plans to "make a major announcement" about the restructuring on Tuesday, September 3.

4.  A true and correct copy of an August 27, 2019 article by Fred Lambert, entitled "Faraday Future CEO is finally stepping down, reportedly in restructuring into partnership," is attached to this Declaration as Exhibit 1. This article was published on Elektrek.com, a website that covers the electric-vehicle industry.

5.  A true and correct copy of an August 27, 2019 article by AJ Cortese, entitled "Faraday Future Rumored to Restructure, CEO to Step Down," is attached to this Declaration as Exhibit 2. This article was published on Pandaily.com, a news website that covers technology industry in China.

6.  A true and correct copy of an August 29, 2019 statement posted on Faraday's company website is attached to this Declaration as Exhibit 3.

## Facts Relevant to Request to Excuse Service

7. My firm and that of my co-counsel have hired registered process servers on two separate occasions to personally serve documents relevant to this litigation on Mr. Jia. Over ten total attempts at two different addresses, these process servers have never succeeded in serving Mr. Jia by conventional personal means.

8. First, after the filing of SLC's Petition to Confirm Arbitration Award (Dkt. No. 1), a process server retained by my firm attempted to serve Mr. Jia with the summons, Petition, and supporting documents on four separate occasions between December 14 and 17, 2018. Two of those attempts were made at Mr. Jia's home address (REDACTED PER L.R. 5.2-1), which is gated. The other two attempts were made at Mr. Jia's business address (18455 South Figueroa Street, Gardena, California, 90248) which is also gated and guarded by security personnel. During all four attempts, the process servers were denied access to the properties and were thus unable to personally serve Mr. Jia.

9. As the Court is aware, Mr. Jia eventually appeared in this matter after his former counsel of record, Latham & Watkins LLP ("Latham"), contacted me in late December 2018 and agreed to accept service on Mr. Jia's behalf. (*See* Dkt. No. 14.)

10. Later, after the entry of Final Judgment (Dkt. No. 35) and the issuance of a Writ of Execution (Dkt. No. 54), SLC sought discovery into assets owned by Mr. Jia against which SLC could enforce the Final Judgment. SLC first sought to depose Mr. Jia by conventional means, but Mr. Jia failed to appear on the agreed-upon deposition date of August 14, and did not notify counsel for SLC of this unilateral cancellation until the day before, when my colleagues were already en route from Hong Kong to Los Angeles to conduct the deposition.

11. After Mr. Jia's last-minute withdrawal from the agreed-upon deposition, SLC sought and obtained an order requiring Mr. Jia to appear for a debtor's examination on September 11, 2019. (Dkt. No. 63.)

12. On August 23, 2019, my co-counsel's firm engaged a process server to personally serve Mr. Jia with this order. As with the case-initiating documents, the process server made a total of six unsuccessful attempts to serve Mr. Jia at his home address and his business address—which he has since designated as the address for service of process while proceeding *pro se*. (*See* Dkt. No. 70.) On the same day, I contacted Latham to ask if they would accept service of the order on Mr. Jia's behalf.

13. On August 26, Latham (who, at that time, were still counsel of record for Mr. Jia) filed a motion to withdraw from their representation of Mr. Jia. The following day, Michael Hale of Latham sent me an e-mail advising that Latham had discussed SLC's request with Mr. Jia and "ha[d] not been given authority to accept service on his behalf."

14. On the evening of August 27, I received an e-mail from William Pao of O'Melveny & Myers LLP ("O'Melveny"), informing me that O'Melveny was "in the process of coming on board to represent Mr. Jia in the matter." I spoke with Mr. Pao by telephone the next morning, and he reiterated Mr. Jia's intent to retain O'Melveny to represent him.

15. On August 28, the Court granted Latham's motion to withdraw. As a result, Mr. Jia is currently proceeding *pro se*, although O'Melveny has notified me of their intent to appear on his behalf.

16. To ensure that both Jia and his incoming counsel receive actual notice of the *ex parte* application, I have contacted by e-mail all of Jia's prior counsel of record (Daniel Schecter, Peter Durning, and Michael Hale of Latham & Watkins), Jia's incoming counsel of record (William Pao of O'Melveny) and Mr. Jia himself, at the e-mail address listed on the court's order permitting Latham to withdraw. I will also e-mail each of the lawyers above with courtesy copies of the TRO Application and all documents filed in support, including this Declaration.

Executed this 29th day of August, 2019.

New York, New York

                                            */s/ Christopher S. Cogburn*

                                            Christopher S. Cogburn