UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CIVIL MINUTES - REDACTED

CASE NO.: **2:18-CV-10255 SJO (MRWx)**     DATE: **August 30, 2019**

TITLE: **Shanghai Qichengyueming Investment Partnership Enterprise v. Jia Yueting**
========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**                 **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PETITIONER'S APPLICATION FOR PRELIMINARY INJUNCTION** [Docket No. 55]**; ORDER DENYING PETITIONER'S EX PARTE APPLICATION AS MOOT** [Docket No. 72]

This matter comes before the Court on Petitioner Shanghai Qichengyueming Investment Partnership Enterprise's ("SQ" or "Petitioner") Motion for Preliminary Injunction ("Motion"), filed August 1, 2019. Respondent Jia Yueting ("Respondent" or "Jia" or "Yueting") filed an Opposition to the Motion on August 13, 2019. Petitioner filed a Reply on August 20, 2019. The Court found this matter suitable for oral argument and vacated the hearing set for September 3, 2019. For the following reasons, the Court **GRANTS** the Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This action involves Petitioner's effort to confirm an arbitral award issued by the China International Economic and Trade Arbitration Commission ("CIETAC"). (Petition To Enforce Foreign Arbitral Award ("Petition"), ECF No. 1.) The CIETAC determined that Respondent is liable to Petitioner on certain loans that had not been repaid. CIETAC ordered Petitioner to repay an amount totaling over $100,000,000. (Petition at 1.)

A detailed summary of the facts at issue in the arbitration is unnecessary for purposes of the instant Motion. At the outset of this litigation, this Court issued a temporary restraining order, "enjoining Respondent from transferring, concealing, reducing, encumbering, or otherwise making unavailable the Attachment Property until SLC's Petition is adjudicated, and a final judgment is reached in this action." (Order Granting Temporary Restraining Order at 5, ECF No. 11.) On March 26, 2019, this Court issued an order confirming the arbitration award by CIETAC. (Order Confirming Arbitral Award, ECF No. 31.) The Court subsequently entered a judgment against Jia. (Judgment, ECF No. 35.)

After this Court entered judgment in this matter, the central issue in this case has become enforcing the judgment against Respondent Jia. Petitioner contends that Respondent has not complied with this Court's judgment and has not displayed any intention to comply with the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:   2:18-CV-10255 SJO (MRWx)**          **DATE:   August 30, 2019**

judgment.  On May 1, 2019, Respondent filed a motion to alter this Court's judgment, arguing that this Court had employed an erroneous interest rate in calculating the judgment.  (*See* Motion To Alter Arbitral Award, ECF No. 41.)  This Court denied this motion on May 29, 2019. (*See* Order Denying Motion To Alter Judgment, ECF No. 49.)

Petitioner subsequently brought the instant Motion, seeking a preliminary injunction similar to the temporary restraining order that this Court had already issued in the instant case.  (*See generally* Mot., ECF No. 55.)  Petitioner asks this Court to issue a preliminary injunction that prevents Respondent from transferring, concealing, reducing, encumbering, or otherwise making unavailable non-exempt assets up to the value of the judgment entered by this Court.  (Mot. at 2.)  According to Petitioner, Jia has sought to avoid paying the judgment and has signaled no intention to satisfy his debt to Petitioner.

On August 29, 2019, Petitioner brought a second ex parte application for a temporary restraining order.  (*See* Ex Parte Application, ECF No. 72.)  This application seeks to prevent Jia from taking any steps with respect to his beneficial interest in Faraday & Future Inc., pending a ruling on the instant Motion.  (Ex Parte Application at 1.)  According to Petitioner, Jia plans to resign as CEO of Faraday & Future, thus hampering Petitioner's ability to collect on its judgment against Jia.  (Ex Parte Application at 1.)

These proceedings followed.

II.   DISCUSSION

To obtain a preliminary injunction, Petitioner, the moving party, must show:  (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Save Our Sonoran, Inc. v. Flowers,* 408 F.3d 1113, 1120 (9th Cir. 2005).  The Ninth Circuit also employs a sliding scale test whereby the existence of "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).  "These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." *Big Country Foods, Inc. v. Board of Educ. of the Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir.1989).  Overall, a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.

Petitioner moves for a preliminary injunction under California Code Section 526, which authorizes courts to enter injunctions in numerous circumstances, including "[w]hen . . . a party to the action

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   **2:18-CV-10255 SJO (MRWx)**          DATE:   **August 30, 2019**

is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party . . . and tending to render the judgment ineffectual." Cal. Civ. Proc. Code § 526(a)(3). Although Respondent argues that this Court cannot issue a post-judgment preliminary injunction under Procedural Code Section 526, this is an incorrect statement of the law. Alongside Federal Rule of Civil Procedure 69(a), California Civil Procedure Code Section 526 vests this Court with broad authority to enforce a final judgment. "The execution of final judgments is governed by Federal Rule of Civil Procedure ("Rule") 69(a), which provides: 'A money judgment is enforced by a writ of execution, unless the court directs otherwise. **The procedure on execution-and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located**, but a federal statute governs to the extent it applies.' Fed. R. Civ. P. 69(a). . . .The [California Code of Civil Procedure] provides procedures for the assignment of assets, **issuance of restraining orders**, and issuance of turnover orders." *UMG Recordings, Inc. v. BCD Music Grp., Inc.*, No. CV07-05808 SJO FFMX, 2009 WL 2213678, at *1 (C.D. Cal. July 9, 2009) (emphasis added).

    A.    <u>Likelihood of Success on the Merits</u>

The Court considers the preliminary injunction factors in turn. As a threshold matter, Petitioner is very likely to prevail on its action to enforce the judgment against Jia. This Court has already upheld the arbitral award issued by CIETAC against Jia. Respondent must comply with the judgment issued by this Court. Petitioner's likelihood of success on the merits is very high.

    B.    <u>Irreparable Harm</u>

Petitioner will suffer irreparable harm in the absence of injunctive relief. As the Court held in its prior order on Petitioner's first Ex Parte Application, "Petitioner has made the threshold showing necessary to show irreparable harm in the absence of preliminary injunctive relief. **Respondent Jia's record of paying creditors is poor at best.**" (Order Granting Temporary Restraining Order at 4 (emphasis added).) The Court went on to note that Respondent is subject to other litigation in this district concerning his failure to pay creditors and that Respondent is on the Chinese government list of debt defaulters. (Order Granting Temporary Restraining Order at 4.)

These circumstances have not changed. In fact, since this Court's order on the first Ex Parte Application, Respondent has failed to comply with the judgment of this Court, confirming that Petitioner will suffer irreparable harm in the absence of an injunction. Aside from his lack of compliance with this Court's judgment, Respondent also has not posted a supersedeas bond to stay execution of the judgment. In these circumstances, there is little doubt that Petitioner will continue to suffer irreparable harm – including the loss of a judgment to which it is rightfully entitled – in the absence of preliminary injunctive relief.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  2:18-CV-10255 SJO (MRWx)          DATE:  August 30, 2019

### C. Balance of Equities and the Public Interest

The Court next considers the balance of equities and the possible harm that a preliminary injunction will cause Jia. Although Jia has a property interest in the property that Petitioner seeks to enjoin, Petitioner has a final judgment against Jia. Petitioner has the right to collect on this judgment. This interest outweighs any interest that Respondent may have in his property.

### D. Public Interest

"When the reach of an injunction is narrow, limited only to the parties, and has no impact on nonparties, the public interest will be at most a neutral factor in the preliminary injunction analysis." *Smith*, 2012 WL 12883909, at *6 (quoting *Stormans v. Selecky*, 586 F.3d 1109, 1138–39 (9th Cir. 2009)). Here, the preliminary injunction would only impact Petitioner and Respondent's interests and does not extend to non-parties. Therefore, this factor is neutral.

## III. RULING

The Court **GRANTS** Petitioner's Motion and issues a preliminary injunction, enjoining Respondent from taking any step to transfer, conceal, reduce, encumber, or otherwise make unavailable—either personally or through instructions to another—any non-exempt assets up to the value of this Court's judgment against Respondent. The property that is subject to this injunction includes:

1. Jia's beneficial interest in Faraday & Future Inc., of which the immediate owner is FF Top Holding Limited;
2. Jia's beneficial interest in the property located at                           , of which the immediate owner is Ocean View Drive, Inc.;
3. Jia's beneficial interest in the property located at                           , of which the immediate owner is Ocean View Drive, Inc.; and
4. Jia's beneficial interest in the property located at                           , of which the immediate owner is Ocean View Drive, Inc.

Having granted the preliminary injunction, the Court **DENIES** Petitioner's second Ex Parte Application as Moot.

IT IS SO ORDERED.