Bethany Stevens (SBN 245672)
bstevens@wscllp.com
Amanda Walker (SBN 252380)
awalker@wscllp.com
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone: (213) 712-9145
Fax: (213) 403-4906

Michael Ng (SBN 237915)
michael.ng@kobrekim.com
Daniel Zaheer (SBN 237118)
daniel.zaheer@kobrekim.com
KOBRE & KIM LLP
150 California Street, 19th Floor
San Francisco, California 94111
Telephone: (415) 582-4800

(Additional Counsel on next page)

*Attorneys for Petitioner*
*Shanghai Lan Cai Asset*
*Management Co, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **SHANGHAI LAN CAI ASSET MANAGEMENT CO. LTD.**, <br><br> Petitioner, <br><br> v. <br><br> **JIA YUETING**, <br><br> Respondent. | Case No.: 2:18-cv-10255-SJO-MRWx <br><br> **STIPULATED CONFIDENTIALITY ORDER** <br><br> Hon. Michael R. Wilner |

Christopher Cogburn (admitted *pro hac vice*)
christopher.cogburn@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488 1200

John Han (admitted *pro hac vice*)
john.han@kobrekim.com
KOBRE & KIM
3 Garden Road
ICBC Tower, Unit 601
Central, Hong Kong SAR
Telephone: +852 2127 3291

*Attorneys for Petitioner
Shanghai Lan Cai Asset
Management Co, Ltd.*

CONFIDENTIALITY ORDER

## I. OVERVIEW

### A. Good Cause Statement

Discovery produced in this action may involve valuable commercial, financial, technical and/or proprietary information for which protection from public disclosure and from use for any purpose other than Enforcement Proceedings (as defined below) is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect confidential information, to address the handling of such material at the end of the Enforcement Proceedings, and to serve the ends of justice, a Confidentiality Order for such information is justified in this matter. Information will not be designated as confidential for reasons other than the purposes stated above, and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II. DEFINITIONS

1. <u>Final Award</u>: The arbitration award dated January 22, 2018, in favor of Shanghai Lan Cai Asset Management Co. Ltd. against Jia Yueting, LeTV Sports Culture Develop (Beijing) Co., Ltd., and TV Plus Holdings (Beijing) Limited.

2. <u>Enforcement Proceedings</u>: The above-captioned litigation—*Shanghai Lan Cai Asset Management Co. Ltd. v. Jia Yueting*, Case No. 2:18-cv-10255-SJO-MRW (C.D. Cal.)—and any investigations or proceedings in that litigation related to the enforcement of the Final Award.

3. <u>Party</u>: The parties to this action and Taoyun Capital Co., Ltd., including their Counsel, consultants and retained experts.

4. <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

5. <u>Confidential Information or Items</u>: Material produced in this action that are designed as "Confidential" pursuant to the procedures under this Confidentiality

Order.

6. <u>Counsel</u>: Attorneys who are employed by or have been retained to represent or advise a Party or Non-Party in Enforcement Proceedings, as well as their support staff, consultants, and experts.

7. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery by a Party or Non-Party.

8. <u>Receiving Party</u>: A Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party in this action.

9. <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

10. <u>Designating Party</u>: A Party or Non-Party that designates information or items produced by any Party or Non-Party in disclosures or in responses to discovery or otherwise as Confidential Information or Items.

11. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (including but not limited to photocopying, videotaping, transcribing, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

12. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as Confidential Information or Items under the terms of this Confidentiality Order.

**III. SCOPE**

The protections conferred by this Confidentiality Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

2
CONFIDENTIALITY ORDER

presentations that reveal Protected Material.

**IV. DESIGNATING PROTECTED MATERIAL**

Except as otherwise provided in this Confidentiality Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Confidentiality Order must be clearly so designated before the material is disclosed or produced.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Confidentiality Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Confidentiality Stipulation.

The Designating Party may designate Protected Material only after review of the document by an attorney who has in good faith determined that the document contains Confidential Information or Items. The Designating Party must take care to limit any such designation to the specific material that qualifies under the appropriate standards and must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Confidentiality Order. If it comes to the Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify the Receiving Party that it is withdrawing the mistaken designation.

Designation in conformity with this Confidentiality Order requires:

1. **For information in documentary form** (e.g., paper or electronic documents, but excluding transcripts of depositions or other proceedings), that the Designating Party affix the legend "CONFIDENTIAL" to each page that contains

protected material. If only a portion of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2. **For testimony given in depositions**, that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition. Portions of deposition shall be deemed Protected Material only if they are designated as confidential within ten (10) business days after receipt of the transcript, or by subsequent agreement between the Designating Party and the Receiving Party or order from the Court. Any testimony which describes a document which has been designated as Protected Material as described above, shall also be deemed to be designated as Protected Material. Deposition testimony shall be treated as confidential following the deposition and until the expiration of the ten (10) business day period during which the Producing Party may designate deposition testimony as containing Protected Material.

3. **For information produced in some form other than documentary and for any other tangible items**, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

4. **For information produced by a Non-Party**, that the Party seeking information from any Non-Party shall provide this Confidentiality Order to the Non-Party before any production, and that the Non-Party making any production designate, at the time of production, any information as Protected Material in accordance with the preceding paragraphs IV.1, IV.2, and IV.3. All information produced by a Non-Party in this action shall be provisionally treated as confidential for thirty (30) calendar days from the date the production is received by all Parties during which any Party may designate information as Protected Material in

accordance with the preceding paragraphs IV.1, IV.2, and IV.3.

**V. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

The Receiving Party may challenge a designation of confidentiality at any time that is consistent with this Confidentiality Stipulation. The Receiving Party must challenge a designation as confidential in writing and in good faith and must begin the process by conferring directly the Designating Party or the Designating Party's counsel as applicable. In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within ten (10) business days of receiving written notice described above. If the dispute cannot be resolved within the ten (10) business days of the written notice described above, the Receiving Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.*

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Receiving Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, the Receiving Party shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**VI. ACCESS TO AND USE OF PROTECTED MATERIAL**

*A. Basic Principles*

The Receiving Party may use Protected Material that is disclosed or produced by the Producing Party only for prosecuting, defending or attempting to settle Enforcement Proceedings. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Confidentiality

Order. When the Enforcement Proceedings have been terminated, the Receiving Party must comply with the provisions of Section X below.

Before any Protected Material is filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. Nothing in this Protective Order shall be construed as automatically permitting a party to file under seal. The Party seeking leave of the Court shall attempt to show "compelling reasons" or "good cause," as may be applicable, for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Such party seeking to file under seal shall follow all applicable rules, including Civil Local Rules 79-5, 79-5.2, 79-5.2.2, and 79-5.3 of the U.S. District Court for the Central District of California. If a sealing application is made but denied, the party seeking to file such material may file the Protected Materials not under seal.

Nothing in this Confidentiality Stipulation shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Protective Order shall preclude any Producing Party from showing its own Protected Material to an individual who prepared the Protected Material.

Nothing in this Confidentiality Order shall restrict in any way the use or disclosure of Discovery Material by the Receiving Party that is: (i) in the public domain at the time of disclosure or becomes part of the public domain after its disclosure to the Receiving Party as a result of publication not involving a violation of this Confidentiality Order, including becoming part of the public record through trial or otherwise; (ii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party

6
CONFIDENTIALITY ORDER

to the Receiving Party or a Non-Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of a court of law.

Protected Material must be stored and maintained by the Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Confidentiality Order.

### B. Disclosure of Confidential Information or Items

Unless otherwise ordered by a court of law or permitted in writing by the Designating Party, the Receiving Party may disclose Protected Material only to:

1. The Receiving Party's or another Party's Counsel, as well as employees, consultants, or experts of said Counsel to whom it is reasonably necessary to disclose the information for Enforcement Proceedings;

2. the officers, directors, and employees of the Receiving Party or of another Party, to whom disclosure is reasonably necessary for Enforcement Proceedings;

3. the Court and its personnel;

4. court reporters and their staff;

5. Professional Vendors to whom disclosure is reasonably necessary for Enforcement Proceedings, provided such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

6. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

7. during their depositions, examinations or at trial, witnesses, and attorneys for witnesses, in Enforcement Proceedings to whom disclosure is reasonably necessary, provided such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound; and

8. any mediator or other settlement officer, and their supporting personnel, provided such persons have completed the certification contained in Attachment A,

7
CONFIDENTIALITY ORDER

Acknowledgment and Agreement to be Bound.

The above parties shall be subject to the terms of this Confidentiality Order and be bound by its terms and be subject to the jurisdiction of the Court to enforce its terms.

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If the Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated as confidential, the Receiving Party must:

    1. promptly notify in writing the Designating Party and provide the Designating Party with a copy of the subpoena or court order unless ordered not to do so by a court of law; and

    2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Confidentiality Order and provide said party with a copy of this Confidentiality Order.

If the Designating Party timely seeks a protective order, the Receiving Party shall not produce any information designated in this action as a Confidential Information or Item before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging the Receiving Party to disobey a lawful directive from a court.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If the Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Confidentiality Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts

to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Confidentiality Order, and (4) request such person or persons affirm in writing their acknowledgement of this Confidentiality Order and agreement to be bound by its terms.

## IX. MISCELLANEOUS

### A. Right to Further Relief

Nothing in this Confidentiality Order abridges the right of any person to seek its modification by the Court in the future. Nothing in this Confidentiality Order shall be construed to limit the Court's power to make orders concerning disclosure of documents produced in discovery or at trial.

### B. Right to Assert Other Objections

By entering into this Confidentiality Order, the Producing Party does not waive any rights it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Confidentiality Stipulation. Similarly, the Producing Party does not waive any right to object on any ground to use in evidence of any of the material covered by this Confidentiality Order.

## X. FINAL DISPOSITION

After the final disposition of the Enforcement Proceedings, within 60 days of a written request by the Designating Party, the Receiving Party must return all Protected Material to the Designating Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts of depositions, hearings, and other proceedings, legal memoranda, correspondence, deposition and trial exhibits, and attorney work product, even if such materials contain Protected Material.

## XI. VIOLATION

Any violation of this Confidentiality Order may be punished by appropriate measures, including but not limited to contempt proceedings and/or monetary sanctions. The Receiving Party shall not be in violation of this Confidentiality Order due to the actions of another party or court beyond the Receiving Party's control, so long as the Receiving Party has taken such measures as are necessary and appropriate to prevent the public disclosure of Protected Material.

## XII. EFFECTIVE WITHOUT COURT ORDER

Signatories to this Confidentiality Order agree to be bound by this Confidentiality Order before entry of an order by the Court.

## XIII. PERSONS BOUND

This Confidentiality Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, and persons made subject to the Confidentiality Order by its terms.

IT IS SO STIPULATED.

Date: October 2, 2019         */s/ Christopher Cogburn (with consent)*
                                       John Han
                                       Christopher Cogburn
                                       *Attorneys for Shanghai Lan Cai Asset Management Co. Ltd.*

Date: October 2, 2019         */s/ William Pao (with consent)*
                                       William K. Pao
                                       Carlos Lazatin
                                       *Attorneys for Jia Yueting*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Date: October 7, 2019                                 _____
                                                         HON. MICHAEL R. WILNER
                                                         United States Magistrate Judge

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **SHANGHAI LAN CAI ASSET MANAGEMENT CO. LTD.**, <br><br> Petitioner, <br><br> v. <br><br> **JIA YUETING**, <br><br> Respondent. | Case No.: 2:18-cv-10255-SJO-MRW |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she read the Confidentiality Order dated [           ] in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California Western Division in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order allow him/her to use materials designated as Confidential Information or Items only in accordance with the Confidentiality Order.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

Signature: _____

13
CONFIDENTIALITY ORDER