| | |
|---|---|
| 1 | CARLOS M. LAZATIN (S.B. #229650) |
| | clazatin@omm.com |
| 2 | WILLIAM K. PAO (S.B. #252637) |
| | wpao@omm.com |
| 3 | O'MELVENY & MYERS LLP |
| | 400 South Hope Street |
| 4 | Los Angeles, CA 90071-2899 |
| | Telephone:   (213) 430-6000 |
| 5 | Facsimile:    (213) 430-6407 |

Attorneys for Respondent
JIA YUETING

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD., | Case No. 2:18-cv-10255-SJO-MRW |
| Petitioner, | **NOTICE OF SUGGESTION OF BANKRUPTCY** |
| v. | |
| JIA YUETING, | |
| Respondent. | |

NOTICE OF SUGGESTION OF BANKRUPTCY

**TO ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that, on October 14, 2019 (the "Petition Date"), Respondent Jia Yueting filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended (the "Bankruptcy Code"), with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

The Respondent files this Notice in an abundance of caution because Petitioner Shanghai Lan Cai Asset Management Co, Ltd.'s claims in the present case are barred in whole by the Respondent's pending bankruptcy proceeding. Pursuant to section 362 of the Bankruptcy Code, certain acts and proceedings against the Respondent and his property are stayed (the "Automatic Stay"). *See* 11 U.S.C. § 362(a). Pursuant to section 362 of the Bankruptcy Code, the Respondent's creditors, including the Petitioner, are also restrained and enjoined, as of the Petition Date, from, among other things:

1. Performing any act to: (i) obtain possession of property of the Respondent's bankruptcy estate as set forth in section 541 of the Bankruptcy Code (the "Estate"), or (ii) exercise control over property of the Estate;

2. Filing a lawsuit or continuing any existing lawsuit against the Respondent;

3. Performing any act to collect their claims, including telephoning or otherwise communicating with the Respondent, for the purpose of collecting such claims;

4. Enforcing any judgment against the Respondent; or

5. Performing any act to enforce a lien against property of the Estate.

Creditors must apply to the Bankruptcy Court for relief from the Automatic Stay in accordance with the provisions set forth in section 362 of the Bankruptcy Code in order to proceed with any of the actions barred by the Automatic Stay. The acts alleged in the Petition in this case come within the temporal scope of the above-described bankruptcy proceeding, which remains active.

| | |
|---|---|
| 1 | PLEASE TAKE FURTHER NOTICE that any action taken against the Respondent without obtaining relief from the Automatic Stay from the Bankruptcy Court may be void *ab initio* and may result in a finding of contempt against Petitioner or any other party taking such action. The Respondent reserves and retains his statutory right to seek relief in the Bankruptcy Court from any judgment, order, or ruling entered in violation of the Automatic Stay. |

Dated: October 14, 2019

O'MELVENY & MYERS LLP

By: */s/ William K. Pao*
    Carlos M. Lazatin
    William K. Pao

Attorneys for Respondent
JIA YUETING